UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | **CASE NO. 4:14-00789-CV-W-DW** |
| Plaintiff, | |
| v. | |
| RICHARD F. MOSELEY, SR., et al., | |
| Defendants. | |

## STIPULATED PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF RECEIVER, EXPEDITED DISCOVERY, AND OTHER EQUITABLE RELIEF

Plaintiff, the Consumer Financial Protection Bureau (Bureau), commenced this civil action on September 9, 2014, under the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a), 5564(a); the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1666j; and the Electronic Fund Transfer Act (EFTA), 15 U.S.C. §§ 1693-1693r, alleging that Defendants' acts or practices violate these laws in connection with the origination and servicing of online consumer loans. The Complaint seeks preliminary and permanent injunctive relief; rescission or reformation of contracts; restitution; the refund of monies paid; disgorgement of ill-gotten monies; the appointment of a receiver; other equitable relief; and civil money penalties. The Bureau also applied *ex parte* for a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure.

On September 9, 2014, this Court granted the Bureau's application and entered the Temporary Restraining Order (TRO), which included an asset freeze, appointment

1

of a Temporary Receiver, and other equitable relief. Defendants consent to entry of this Stipulated Preliminary Injunction without admitting any of the allegations set forth in the Complaint or the factual recitations below, except the jurisdictional facts.

This Court, having considered the Complaint, declarations, exhibits, suggestions filed in support of the motion, evidence presented by the Bureau, and the stipulation of the parties finds that:

1.    This Court has jurisdiction over the subject matter of this case, there is good cause to believe that it will have jurisdiction over all the parties hereto, and venue in this district is proper;

2.    There is good cause to believe that Defendants (a) Richard F. Moseley, Sr.; (b) Richard F. Moseley, Jr.; (c) Christopher J. Randazzo; (d) SSM Group, LLC; (e) CMG Group, LLC; (f) DJR Group, LLC; (g) BCD Group, LLC; (h) Hydra Financial Limited Fund I; (i) Hydra Financial Limited Fund II; (j) Hydra Financial Limited Fund III; (k) Hydra Financial Limited Fund IV; (l) PCMO Services, LLC; (m) PCKS Services, LLC; (n) Piggycash Online Holdings, LLC; (o) CLS Services, Inc.; (p) FSR Services, Inc.; (q) SJ Partners, LLC; (r) River Elk Services, LLC; (s) OSL Marketing, Inc., a/k/a OSL Group, Inc.; (t) Rocky Oak Services, LLC; (u) RM Partners, LLC; (v) PDC Ventures, LLC; and (w) Corvus Company LLC have engaged and are likely to continue to engage in acts or practices that violate the CFPA, TILA and its implementing Regulation Z, 12 C.F.R. Part 1026, and EFTA and its implementing Regulation E, 12 C.F.R. Part 1005. The Bureau is therefore likely to prevail on the merits of this action;

3.    There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of these laws unless Defendants continue to be restrained and enjoined by Order of this Court;

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution and disgorgement or compensation for unjust enrichment will occur from the transfer, dissipation, or concealment by Defendants of their assets or business records unless Defendants continue to be restrained and enjoined by Order of this Court. Thus, good cause exists for continuing the asset freeze imposed under the TRO, permitting the Bureau to take expedited discovery, and ordering the other equitable relief set forth herein;

5. Good cause exists for appointing a Receiver over SSM Group, LLC, CMG Group, LLC, DJR Group, LLC, BCD Group, LLC, Hydra Financial Limited Fund I, Hydra Financial Limited Fund II, Hydra Financial Limited Fund III, Hydra Financial Limited Fund IV, PCMO Services, LLC; PCKS Services, LLC; Piggycash Online Holdings, LLC; CLS Services, Inc.; FSR Services, Inc.; SJ Partners, LLC; River Elk Services, LLC; OSL Marketing, Inc., a/k/a OSL Group, Inc.; Rocky Oak Services, LLC; RM Partners, LLC; PDC Ventures, LLC; and Corvus Company LLC ("Corporate Defendants"); and permitting the Bureau continued access to Defendants' business premises at the discretion of the Receiver;

6. Weighing the equities and considering the Bureau's likelihood of ultimate success on the merits, a preliminary injunction with an asset freeze, expedited discovery as to the existence and location of assets and documents, and other equitable relief is in the public interest; and

7. No security is required for any agency of the United States for the issuance of this Order. Fed. R. Civ. P. 65(c).

3

**ORDER**

**DEFINITIONS**

For the purposes of this Order, the following definitions will apply:

   a. "Assets" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts, including trusts held for the benefit of a person's minor children or spouse, wherever located, whether in the United States or abroad;

   b. "Corporate Defendants" means SSM Group, LLC, CMG Group, LLC, DJR Group, LLC, BCD Group, LLC, Hydra Financial Limited Fund I, Hydra Financial Limited Fund II, Hydra Financial Limited Fund III, Hydra Financial Limited Fund IV, PCMO Services, LLC; PCKS Services, LLC; Piggycash Online Holdings, LLC; CLS Services, Inc.; FSR Services, Inc.; SJ Partners, LLC; River Elk Services, LLC; OSL Marketing, Inc., a/k/a OSL Group, Inc.; Rocky Oak Services, LLC; RM Partners, LLC; PDC Ventures, LLC; and Corvus Company LLC;

   c. "Debt" means any obligation or alleged obligation to pay money, whether or not such obligation has been reduced to judgment.

   d. "Defendants" means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known;

4

e.  "Document" and "Electronically Stored Information" are synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure and include, but are not limited to:

- The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, memoranda, paper, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or disks, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, files, charts, logs, electronic files, stored in any medium; and

- Any electronically created or stored information, including but not limited to electronic mail, instant messaging, videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived, unsent, or in a deleted items folder), word processing files, spreadsheets, databases, document metadata, presentation files, and sound recordings, whether stored on any cell phones, smartphones, flash drives, personal digital assistants ("PDAs"), cards, desktop personal computer and workstations, laptops, notebooks and other portable computers, or other electronic storage media, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether assigned to individuals or in pools of computers available for shared use, or personally owned but used for

5

work-related purposes, whether stored on-site with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise maintained off-site by a third party; and computers and related offsite storage used by Defendants or Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises;

f.  "Electronic Data Host" means any person or entity that stores, hosts, or otherwise maintains electronically stored information;

g.  "Financial Institution" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer;

h.  "Individual Defendants" means Richard F. Moseley, Sr., Richard F. Moseley, Jr., and Christopher J. Randazzo, individually, collectively, or in any combination, and each of them by any other names by which they might be known;

i.  "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity;

j.  "Receivership Defendants" means the Corporate Defendants and their successors, assigns, affiliates, or subsidiaries, and each of them, by whatever names each might be known, provided that the Receiver has reason to believe they are owned or controlled in whole or in part by any of the Defendants and

6

conduct any business related to the Corporate Defendants' consumer loan operations;

k.  The words "and" and "or" have both conjunctive and disjunctive meanings as necessary to make the phrase or sentence in which those terms appear inclusive rather than exclusive.

## I.

### PROHIBITIONS ON ORIGINATING, OFFERING, SERVICING, OR SELLING LOANS OR OTHER EXTENSIONS OF CREDIT

**IT IS THEREFORE ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the marketing, advertising, offering, originating, servicing, or sale of consumer loans or other extensions of credit to consumers, are hereby preliminarily restrained and enjoined from, or assisting others from, any of the following:

A.  Originating loans or extending credit to consumers;

B.  Attempting to collect or collecting payments from consumers on an existing loan, whether directly or through a third-party debt collector; and

C.  Selling, assigning, gifting, conveying, or otherwise transferring any purported consumer debt to a third party, including any debt broker, debt buyer, or debt collector.

7

## II.

## PROHIBITED MISREPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the marketing, advertising, offering, originating, servicing, or sale of consumer loans or other extensions of credit to consumers, are hereby preliminarily restrained and enjoined from falsely representing, or from assisting others who are falsely representing, expressly or by implication, any of the following:

A. That consumers authorized or otherwise consented to a loan;

B. That consumers authorized or otherwise consented to Defendants to access their bank accounts;

C. That consumers were obligated to pay finance charges associated with a loan that they did not authorize or consent to;

D. That a consumer's total of payments will be equal to the amount financed plus a stated finance charge;

E. The character, amount, or legal status of a loan;

F. The payment schedule of a loan;

G. The interest rate, annual percentage rate, or finance charge of a loan and whether they are fixed or adjustable;

H. Whether, and to what extent, a consumer's payment will be applied to repayment of the principal of the loan;

8

I. Whether a loan will be refinanced or rolled over, and whether refinancing may trigger a prepayment penalty or other fees; or

J. Any other material fact.

## III.

## DISCLOSURES REQUIRED BY TILA AND REGULATION Z

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the marketing, advertising, offering, originating, servicing, or sale of consumer loans or other extensions of credit to consumers, are hereby preliminarily restrained and enjoined from engaging in, or assisting others engaging in, the following conduct:

A. Failing to disclose accurately all of the following together in a single writing, clearly and conspicuously, before extending credit, in a manner reflecting the terms of the legal obligation between the parties:

   a. the finance charge;

   b. the annual percentage rate;

   c. the payment schedule; and

   d. the total of payments

in violation of Sections 121 and 128 of TILA, 15 U.S.C. §§ 1631, 1638, and Sections 1026.17 and 1026.18 of Regulation Z, 12 C.F.R. §§ 1026.17 and 1026.18; and

B. Any other conduct in violation of TILA, 15 U.S.C. §§ 1601-1666j.

9

# IV.

## PROHIBITION ON VIOLATIONS OF EFTA AND REGULATION E

**IT IS THEREFORE ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the marketing, advertising, offering, originating, servicing, or sale of consumer loans or other extensions of credit to consumers, are hereby preliminarily restrained and enjoined from engaging in, or assisting others engaging in, the following conduct:

    A.  Debiting consumers' bank accounts on a recurring basis without:

        1.  first obtaining a written authorization signed or similarly authenticated by consumers for preauthorized electronic fund transfers from their accounts; or

        2.  providing to the consumers a copy of a written authorization signed or similarly authenticated by the consumers for preauthorized electronic fund transfers from their accounts,

in violation of Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), and Section 1005.10(b) of Regulation E, 12 C.F.R. § 1005.10(b);

    B.  Conditioning the extension of consumer credit on the consumer's consent to repay by preauthorized electronic fund transfers in violation of Section 913(1) of EFTA, 15 U.S.C. § 1693k(1), and Section 1005.10(e)(1) of Regulation E, 12 C.F.R § 1005.10(e)(1); or

    C.  Any other conduct in violation of EFTA, 15 U.S.C. §§ 1693-1693r.

## V.

## PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents or records that relate to the business practices, or business or personal finances of any Defendant, or other entity directly or indirectly under the control of any Defendant.

## VI.

## DISABLEMENT OF WEBSITES

**IT IS FURTHER ORDERED** that, within three (3) days of service of the Order upon them:

(1) any person hosting any Internet website for, or on behalf of, any Defendant, and

(2) Defendants and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this order, whether acting directly or indirectly, must:

    A. Do whatever is necessary, including cooperating with the Receiver, to ensure that any Internet website used by Defendants for the advertising, marketing, promotion, origination, servicing, offering for sale, or sale of any consumer loan, including but not limited to www.piggycash.net, containing statements,

representations, omissions, or actions prohibited by Sections I through IV of this Order cannot be accessed by the public;

B. Prevent the destruction or erasure of any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, or sale of any consumer loan or other extension of credit to consumers, by preserving such website in the format in which it is maintained currently; and

C. Notify the Bureau's counsel, in writing, of any other Internet website operated or controlled by any Defendant.

## VII.

## SUSPENSION OF INTERNET DOMAIN NAME REGISTRATIONS

**IT IS FURTHER ORDERED** that any domain name registrar must suspend the registration of any Internet website used by Defendants for the advertising, marketing, promotion, origination, servicing, offering for sale, or sale of any consumer loan or other extension of credit to consumers, and containing statements, representations, omissions or actions prohibited by Sections I through IV of this Order, and provide immediate notice to the Bureau's counsel of any other Internet domain names registered or controlled by any Defendants.

## VIII.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that except as specified below, Defendants and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and all persons directly or indirectly under the control of any of them, including any financial institution, and all other persons in active concert or

12

participation with any of them, who receive actual notice of this Order, are hereby preliminarily restrained and enjoined from directly or indirectly:

A. Selling, liquidating, assigning, transferring, converting, loaning, hypothecating, disbursing, gifting, conveying, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any Asset, or interest therein, that is in whole or in part:

　1. owned or controlled, directly or indirectly, by any Defendant, held for the benefit of any Defendant, or subject to access by, or belonging to, any Defendant;

　2. in the actual or constructive possession of any Defendant; or

　3. in the actual or constructive possession of , owned or controlled by, subject to access by, or belonging to any corporation, partnership, trust or other entity directly or indirectly owned, managed or controlled by, or under common control with any Defendant;

B. Opening, or causing to be opened, any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of any Defendant, or subject to access by any Defendant;

C. Incurring charges or cash advances on any credit card, stored value card, debit card or charge card issued in the name, singly or jointly, of any Defendant or any other entity directly or indirectly owned, managed, or controlled by any Defendant;

D. Incurring liens or encumbrances on real property, personal property, or other Assets in the name, singly or jointly, of any Defendant; and

E. Cashing any checks from consumers, clients, or customers of any Defendant.

**IT IS FURTHER ORDERED** that except as specified below, the Assets affected by this Section include: (a) all Assets of each Defendant as of the time this Order is entered, and (b) those Assets obtained or received after entry of this Order that are derived, directly or indirectly, from the actions alleged in the Bureau's Complaint. This Section does not prohibit transfers to the Receiver, as specifically required in Section XVIII (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section XII of this Order.

*Provided however*, that this Order does not prevent Defendants from using any of their Assets not otherwise subject to the Asset Freeze for living expenses or defense of the above-captioned action, so long as they identify to the Receiver and the Bureau any Assets they believe are not subject to the Asset Freeze and which they intend to use for these purposes.

*Provided further*, that this Order does not prevent Individual Defendants from opening new bank or credit card accounts so long as such accounts are funded only with monies not attributable to the activities alleged in the Bureau's Complaint, and so long as the Individual Defendants contemporaneously notify the Receiver and the Bureau in writing of such openings, the source of the funds for any such accounts, and the intended source of such funds in the future.

*And provided further*, that upon entry of this Order, the freeze of the following accounts will be dissolved and no longer subject to the provisions of the Asset Freeze:

1. Account in the name of RM Contracting, Inc. at Missouri Bank, Account Number xxx0014;

14

2. Bank of America MasterCard in the name of RM Contracting, Inc., credit card number ending in xxx6283;

3. Account in the name of Christopher Randazzo at Missouri Bank, Account Number xxx2539;

4. Account in the name of Christopher Randazzo at US Bank, Account Number xxxxxxxx3570;

5. Account in the name of Christopher Randazzo at US Bank, Account Number xxxxxxxx9377;

6. Account in the name of Christopher Randazzo at US Bank, Account Number xxxxxxxx5285;

7. Account in the name of Christopher Randazzo at US Bank, Account Number xxxxxxxx2976;

8. Account in the name of Moseley GST Trust, DTD 12/12/95 at Commerce Bank, Account Number xxx5036 with a present balance of approximately $11,985; and

9. Account in the name of Moseley GST Trust, DTD 12/12/95 at BMO Harris Bank, Account Number xxx4737, with a present balance of approximately $56,894.

**IT IS FURTHER ORDERED** that the accounts enumerated above are being released to be used for necessary and reasonable living expenses of Individual Defendants Moseley Sr., Moseley Jr., and Randazzo; ***provided that*** the accounts listed in numbers 1 and 2 above can be used to conduct the business of RM Contracting, Inc.

**IT IS FURTHER ORDERED** that Individual Defendant Moseley Sr. must provide a monthly accounting to the Bureau and the Receiver detailing the use of the

15

assets derived from the accounts listed in numbers 8 and 9 above while this Preliminary Injunction is in place.

**IT IS FURTHER ORDERED** that upon written consent of the Bureau, the Receiver, and Defendants, the parties may agree that certain accounts, as appropriate, should no longer be subject to the provisions of the Asset Freeze. In that circumstance, the parties may jointly apply to the Court for an Order unfreezing those accounts.

### IX.

### RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that, except as otherwise ordered by this Court, any financial or brokerage institution, business entity, trust, electronic data host, Internet or digital currency payment processor, or person served with a copy of this Order, or who otherwise has actual or constructive knowledge of this Order, that holds, controls, or maintains custody of any account, Document, or Asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant or other party subject to Section VIII above, or has held, controlled, or maintained any such account, Document, or Asset must:

A. Hold, preserve, and retain within such person's control, and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account, Document, or Asset held by or under such person's control, except as directed by further order of the Court or as directed in writing by the Receiver regarding accounts, Documents, or Assets held in the name of or benefit of any Receivership Defendant;

Case 4:14-cv-00789-DW   Document 40   Filed 10/03/14   Page 16 of 45

B. To the extent not already done under the TRO, provide the Receiver, the Receiver's agents, the Bureau, and the Bureau's agents immediate access to Documents, including those electronically stored, hosted, or otherwise maintained on behalf of Defendants for forensic imaging or copying;

C. Deny access to any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of any Defendant, or subject to access by any Defendant or other party subject to Section VIII (Asset Freeze) above, except that this subsection will not limit the Receiver's access to such places;

D. To the extent not already completed, provide to the Bureau's counsel and the Receiver, within one business day, a sworn statement setting forth:

　　1. the identification of each account or Asset titled in the name, individually or jointly, or held on behalf of or for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant or other party subject to Section VIII above, whether in whole or in part;

　　2. the balance of each such account, or a description of the nature and value of such Asset, as of the close of business on the day on which this Order is served;

　　3. the identification of any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of any Defendant, or subject to access by any Defendant or other party subject to Section VIII above, whether in whole or in part; and

17

4. if the account, safe deposit box, or other Asset has been closed or removed, the date closed or removed, the balance on said date, and the name or the person or entity to whom such account or other Asset was remitted;

E. To the extent not already completed, provide to the Bureau's counsel and the Receiver, within three (3) business days after being served with a request, copies of all Documents pertaining to such account or Asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

F. Cooperate with all reasonable requests of the Receiver relating to this Order's implementation.

**IT IS FURTHER ORDERED** that the accounts subject to this provision include: (a) all Assets of each Defendant deposited as of the time this Order is entered, and (b) those Assets deposited after entry of this Order that are derived from the actions alleged in the Bureau's Complaint. This Section does not prohibit transfers to the Receiver, as specifically required in Section XVIII (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section XII of this Order.

**IT IS FURTHER ORDERED** that the Bureau is granted leave, under Fed. R. Civ. P. 45, to subpoena Documents immediately from any financial or brokerage institution, business entity, electronic data host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, Document, or Asset of,

on behalf of, in the name of, for the benefit of, subject to access or use by, or under the signatory power of any Defendant or other party subject to Section VIII above, or has held, controlled, or maintained any such account, Document, or Asset, and such financial or brokerage institution, business entity, electronic data host or person must respond to such subpoena within three (3) business days after service.

## X.

## FINANCIAL STATEMENTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that to the extent not already completed, each Defendant must prepare and deliver to the Bureau's counsel and to the Receiver:

A. For each Individual Defendant, within five (5) days of service of this Order, a completed financial statement accurate as of the date of entry of the TRO on the form appended as Attachment A to the TRO captioned "Financial Statement of Individual Defendant."

B. For the Corporate Defendants, within fourteen (14) days of service of this Order, a completed financial statement accurate as of the date of entry of the TRO in the form appended as Attachment B to the TRO captioned "Financial Statement of Corporate Defendant."

C. Within three (3) days of service of this Order, a list of all officers and directors of the Corporate Defendants and all other individuals or entities with authority to direct the operations of each Corporate Defendant or withdraw money from the account of the Corporate Defendant.

D. Within fourteen (14) days of service of this Order, a list of all persons and entities to which any purported consumer loan debt was sold, transferred, or assigned since January 1, 2010.

*Provided however*, that upon written consent of the Bureau, the Receiver, and Defendants, the parties may jointly apply to the court for an order extending any of the time periods set forth in this Order.

## XI.

## CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that under Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), the Bureau may obtain credit reports concerning any Defendant, and that, upon written request, any credit reporting agency from which such reports are requested must provide them to the Bureau.

## XII.

## REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, to the extent not already completed, within five (5) business days following the service of this Order, each Defendant must:

A. Provide the Bureau's counsel and the Receiver with a full accounting of all Assets, accounts, and Documents outside of the territory of the United States that are held (1) by Defendants; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B. Transfer, or at the election of the Receiver, cooperate with the Receiver to transfer, to the territory of the United States all Assets, accounts, and Documents in foreign countries held (1) by Defendants; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

C. Hold and retain all repatriated assets, accounts, funds, and documents, and

20

prevent any transfer, disposition, or dissipation whatsoever of any such assets, accounts, funds, or documents; and

D. Provide the Bureau access to all records of accounts or Assets of the Corporate Defendants and Individual Defendants held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records appended as Attachment C to the TRO.

All repatriated Assets, accounts, and Documents are subject to Section VIII of this Order.

## XIII.

## NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by the preceding Section XII of this Order, including, but not limited to:

A. Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Assets have been fully repatriated under Section XII of this Order; or

B. Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that

repatriation is required under a court order, until such time that all Assets have been fully repatriated under Section XII of this Order.

## XIV.

## APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that Thomas W. McNamara of Ballard Spahr LLP is appointed to continue as Receiver for the business activities of Receivership Defendants with the full power of an equity receiver. The Receiver will be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order. The Receiver will be accountable directly to this Court. The Receiver must comply with all laws and Local Rules of this Court governing federal equity receivers.

## XV.

## DUTIES AND AUTHORITIES OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A. Continue to exercise full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants including any named Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B. Continue to exercise exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver has full power to divert mail and to sue for, collect, receive, take into possession, hold, and manage all Assets and Documents of the Receivership Defendants and other

22

persons whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants. The Receiver may not, however, attempt to collect or receive any amount from a consumer if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the complaint in this matter;

C. Take all steps necessary to secure the business premises of the Receivership Defendants. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable:

    1. serving and filing this Order;

    2. completing a written inventory of all Receivership Assets;

    3. obtaining pertinent information from all employees and other agents of the Receivership Defendants, including but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

    4. videotaping or photographing all portions of the location;

    5. securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location;

    6. requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that

such persons are not removing from the premises Documents or Assets of the Receivership Defendants; and

 7. requiring all employees, independent contractors, and consultants of the Receivership Defendants to complete a questionnaire submitted by the Receiver;

D. Continue to conserve, hold, and manage all Receivership Assets, and perform all acts necessary or advisable to preserve the value of those Assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the Assets and preventing transfer, withdrawal, or misapplication of Assets;

E. Liquidate any and all securities or commodities owned by or for the benefit of the Receivership Defendants as the Receiver deems to be advisable or necessary;

F. Enter into contracts and purchase insurance as the Receiver deems to be advisable or necessary;

G. Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

H. Continue to manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

I. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

J. Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver must apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

K. Determine and implement measures to ensure that the Receivership Defendants comply with and prevent violations of this Order and all other applicable laws, including, but not limited to, revising sales materials and implementing monitoring procedures;

L. Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

M. Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants, that the Receiver deems necessary and advisable to preserve the Assets of the Receivership

25

Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

N. Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business will be conditioned upon the Receiver's good faith determination that the businesses can be lawfully operated at a profit using the Assets of the receivership estate;

O. Take depositions and issue subpoenas to obtain Documents and records pertaining to the receivership estate and compliance with this Order. Subpoenas may be served by agents or attorneys of the Receiver and by agents of any process server retained by the Receiver;

P. Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Receiver will deposit all funds of the Receivership Defendants in such a designated account and will make all payments and disbursements from the receivership estate from such account(s);

Q. Maintain accurate records of all receipts and expenditures that he makes as Receiver;

R. Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency;

S. Maintain the chain of custody of all of Receivership Defendants' records in their possession; and

T. Notify all courts in which Receivership Defendants have litigation pending, that this case is pending, and request temporary stays of those cases or any other necessary relief to preserve the rights of consumers

## XVI.

## CONTINUING ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that the Bureau, the Receiver, and their respective representatives, agents, contractors, or assistants, are permitted continued access to Receivership Defendants' business premises; and

**IT IS FURTHER ORDERED** that the Defendants and their successors, assigns, officers, directors, agents, servants, employees, attorneys, and all other persons directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, must:

A. Allow the Bureau and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants, continuing access to: all of the Receivership Defendants' business premises, including but not limited to:

1. 2 E. Gregory Blvd, Kansas City, MO 64114 (2 floors);

2. any storage facilities; and

3. such other business locations that are wholly or partially owned, rented, leased, or under the temporary or permanent control of any Defendant;

4. any other premises where the Defendants conduct business, sales operations, or customer service operations;

27

5. any premises where Documents related to the Defendants' businesses are stored or maintained, including but not limited to a storage unit;

6. any premises where Assets belonging to any Defendant are stored or maintained; and

7. any Documents located at any of the locations described in this Section;

B. To the extent not already done, within three (3) business days of receipt of service of this Order, identify to the Bureau's counsel and the Receiver:

1. all of Receivership Defendants business premises and storage facilities;

2. any non-residence premises where any Defendant conducts business, sales operations, or customer service operations related to the activities alleged in the Bureau's Complaint;

3. any non-residence premises where Documents related to the business, sales operations, or customer service operations of any Defendant related to the activities alleged in the Bureau's Complaint are hosted, stored, or otherwise maintained, including but not limited to the name and location of any Electronic Data Hosts; and

4. any non-residence premises where Assets belonging to any Defendant are stored or maintained; and

C. Provide the Bureau and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants with any necessary means of access to, copying of, and forensic imaging of Documents, including, without limitation, identifying the locations of Receivership Defendants' business premises, keys and combinations to business premises

28

locks, passwords to devices that hold Electronically Stored Information, computer access codes of all computers used to conduct Receivership Defendants' business, access to (including but not limited to execution of any Documents necessary for access to and forensic imaging of) any data stored, hosted or otherwise maintained by an electronic data host, and storage area access information;

**IT IS FURTHER ORDERED** that:

A. The Bureau and the Receiver are authorized to employ the assistance of federal, state, and local law enforcement officers, including, but not limited to, the United States Marshals service, the United States Marshal or Deputy United States Marshal, and the Sheriff or deputy of any county, the Kansas City Police Department, and the Police Department and police officer of any community, to effect service, to implement peacefully the provisions of this Order, and to keep the peace.

B. The Receiver will continue to allow the Bureau and its representatives, agents, contractors, or assistants into the premises and facilities described in this Section to inspect, inventory, image, and copy Documents relevant to any matter contained in this Order, wherever they may be situated. The Receiver may exclude Defendants and their agents and employees from the business premises and facilities during the access. No one may interfere with the Bureau's or the Receiver's inspection of the Defendants' premises or documents.

C. The Receiver and the Bureau have the right to remove any Documents, including any devices containing Electronically Stored Information related to

29

Defendants' business practices from the premises in order that they may be inspected, inventoried, and copied. The materials so removed should be returned within five (5) business days of completing said inventory and copying. If any property, records, Documents, or computer files relating to the Receivership Defendants' finances or business practices are located in the residence of any Defendant or are otherwise in the custody or control of any Defendant, then such Defendant must produce them to the Receiver within three (3) business days of service of this Order. In order to prevent the destruction of computer data, upon service of this Order upon Defendants, any such computers may be powered down (turned off) in the normal course for the operating systems used on such computers and may not be powered up or used again until produced for copying and inspection, along with any codes needed for access. The Bureau's and the Receiver's representatives may also photograph and videotape the inside and outside of all premises to which they are permitted access by this Order, and all Documents and other items found on such premises;

D. The Bureau's access to the Defendants' Documents under this Order may not provide grounds for any Defendant to object to any subsequent request for Documents served by the Bureau; and

E. The Receiver will allow the Defendants and their representatives reasonable access to the premises of the Receivership Defendants. The purpose of this access will be to inspect, inventory, and copy any and all Documents and other property owned by or in the possession of the Receivership Defendants, provided that those Documents and property are not removed from the

30

premises. The Receiver has the discretion to determine the time, manner, and reasonable conditions of such access.

## XVII.

## COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED** that:

A.  To the extent not already done under the TRO issued in this case, Defendants, and their successors, assigns, officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, and corporations, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, must fully cooperate with and assist the Receiver. Defendants' cooperation and assistance will include, but not be limited to:

    1.  Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, including but not limited to allowing the Receiver to inspect Documents and Assets and to partition office space;

    2.  Providing any username or password and executing any documents required to access any computer or electronic files in any medium, including but not limited to Electronically Stored Information stored, hosted, or otherwise maintained by an electronic data host; and

    3.  Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver; and

B.  Defendants and their successors, assigns, officers, directors, agents, servants, employees, attorneys, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them, who receive actual notice of this Order, may not interfere in any manner, directly or indirectly with the custody possession, management, or control by the Receiver of Assets and Documents, and are hereby restrained and enjoined from directly or indirectly:

1. Transacting any of the business of the Receivership Defendants;

2. Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any Documents or equipment of the Receivership Defendants, including but not limited to contracts, agreements, consumer files, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, Documents evidencing or referring to Defendants' services, training materials, scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other Documents, records or equipment of any kind that relate to

32

the business practices or business or personal finances of the
Receivership Defendants or any other entity directly or indirectly
under the control of the Receivership Defendants;

3. Transferring, receiving, altering, selling, encumbering, pledging,
   assigning, liquidating, or otherwise disposing of any Assets owned,
   controlled, or in the possession or custody of, or in which an interest is
   held or claimed by, the Receivership Defendants, or the Receiver;

4. Excusing debts owed to the Receivership Defendants;

5. Failing to notify the Receiver of any Asset, including accounts, of a
   Receivership Defendant held in any name other than the name of the
   Receivership Defendant, or by any person or entity other than the
   Receivership Defendant, or failing to provide any assistance or
   information requested by the Receiver in connection with obtaining
   possession, custody, or control of such Assets;

6. Failing to create and maintain books, records, and accounts which, in
   reasonable detail, accurately, fairly, and completely reflect the incomes,
   assets, disbursements, transactions and use of monies by the
   Defendants or any other entity directly or indirectly under the control
   of the Defendants;

7. Doing any act or refraining from any act whatsoever to interfere with
   the Receiver's taking custody, control, possession, or managing of the
   Assets or Documents subject to this Receivership; or to harass or to
   interfere with the Receiver in any way; or to interfere in any manner
   with the exclusive jurisdiction of this Court over the Assets or

Documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; and

8. Filing, or causing to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court.

## XVIII.

## DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that to the extent not already done so under the TRO, within three (3) business days of service of this Order upon them or upon their otherwise obtaining actual knowledge of this Order, or within a period permitted by the Receiver, and to the extent not already provided under the TRO, Defendants and any other person or entity, including but not limited to financial institutions and electronic data hosts, must transfer or deliver access to possession, custody, and control of the following to the Receiver:

A. All Assets of the Receivership Defendants;

B. All Documents of the Receivership Defendants, including but not limited to books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client or customer lists, title documents and other papers;

C. All Assets belonging to members of the public now held by the Receivership Defendants;

34

D. All keys, computer and other passwords, user names, entry codes, combinations to locks required to open or gain or secure access to any Assets or Documents of the Receivership Defendants, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

E. Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendants.

In the event any person or entity fails to deliver or transfer any asset within the time prescribed by this Order, or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* with the Court an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs will authorize and direct the United States Marshal, any Deputy United States Marshal, the Kansas City Police Department, any local police department, or any sheriff or deputy sheriff of any county to seize the Asset, Document, or other thing and to deliver it to the Receiver.

## XIX.

### COMPENSATION FOR RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties under this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendants. The Receiver is expressly authorized to retain Ballard Spahr, a firm of

35

which he is a partner. The Receiver will file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver may not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XX.

## RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that the Receiver will report to this Court within thirty (30) days from entry of this Order regarding: (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Defendants; (3) the sum of all liabilities of the Receivership Defendants; (4) the steps the Receiver intends to take in the future to (a) prevent any diminution in the value of assets of the Receivership Defendants, (b) pursue receivership assets from third parties, and (c) adjust the liabilities of the Receivership Defendants, if appropriate; (5) the Receiver's assessment of whether the business can be operated in compliance with this Order; and (6) any other matters that the Receiver believes should be brought to the Court's attention. *Provided, however,* that if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## XXI.

## WITHDRAWAL OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and any professional retained by the Receiver, including but not limited to his or her attorneys and accountants, be

36

and are hereby authorized to reasonably withdraw from his or her respective appointments or representations and apply for payment of their professional fees and costs at any time after the date of this Order by sending written notice seven days prior to the date of the intended withdrawal to the Court and to the parties along with a written report reflecting the Receiver's work, findings, and recommendations, as well as an accounting for all funds and assets in possession or control of the Receiver. The Receiver will be exonerated and the receivership deemed closed seven days from the date of the mailing of such notice of withdrawal. The Court will retain jurisdiction to consider the fee applications, report, and accounting submitted by the Receiver and the professionals. The written notice must include an interim report indicating the Receiver's actions and reflect the knowledge gained along with the fee applications of the Receiver and his or her professionals. The report must also contain the Receiver's recommendations, if any.

## XXII.

## RECEIVER'S BOND/LIABILITY

**IT IS FURTHER ORDERED** that to the extent not already done so under the TRO, the Receiver must file with the Clerk of this Court a bond in the sum of $50,000.00 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs**.** Except for an act of gross negligence, the Receiver and the professionals will not be liable for any loss or damage suffered by any of the Defendants, their officers, agents, servants, employees, and attorneys or any other person, by reason of any act performed or omitted to be performed by the Receiver and the professionals in

connection with the discharge of his or her duties and responsibilities, including but not limited to their withdrawal from the case under Section XXI.

## XXIII.

## PROHIBITION ON RELEASE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation, court order, or as necessary in the defense of the above-captioned action, Defendants, and their successors, assigns, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are preliminarily restrained and enjoined from disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any person, which any Defendant obtained prior to entry of this Order in connection with any consumer loan.

## XXIV.

## STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A. Except by leave of this Court, during pendency of the Receivership ordered herein, Defendants are hereby stayed from taking any action for, against, on behalf of, or in the name of any of the following: the Receivership Defendants, any of their subsidiaries, affiliates, partnerships, Assets, Documents or the Receiver or the Receiver's duly authorized agents acting in their capacities as such. *Provided however*, that notwithstanding any other provision of this

38

Order, the Corporate Defendants, acting through one or more Individual Defendants, may retain counsel in connection with their defense of the above-captioned action. Such hereby-stayed actions include, but are not limited to, the following:

1. Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2. Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

3. Executing, issuing, serving, or causing the execution, issuance, or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not.

B. This Section XXIV does not stay:

1. The commencement or continuation of a criminal action or proceeding;

2. The commencement or continuation of an action or proceeding by a state bar association to enforce its police or regulatory power;

3. The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

39

    4.   The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

    5.   The issuance to a Receivership Defendant of a notice of tax deficiency; and

C.   Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver must in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within fourteen (14) days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## XXV.

## LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the Bureau and the Receiver are granted leave to conduct certain expedited discovery, and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 19, 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, and applicable Local Rules, the Bureau and the Receiver are granted leave to:

A.   Take the deposition, on three (3) calendar days' notice, of any person or entity, whether or not a party, for the purpose of: (1) discovering the nature, location, status, and extent of Assets of Defendants or their affiliates or subsidiaries;

    (2) discovering the nature and location of Documents and business records of Defendants or their affiliates or subsidiaries; and (3) enforcing compliance

40

with this Order. The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2) and 31(a)(2) regarding subsequent depositions will not apply to depositions taken under this Section. In addition, any such depositions taken under this Section will not be counted toward the ten deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) and 31(a)(2)(A)(i) and will not preclude the Bureau from subsequently deposing the same person or entity in accordance with the Federal Rules of Civil Procedure. Service of discovery upon a party, taken under this Section, will be sufficient if made by facsimile, email or by overnight delivery;

B.   Serve upon parties requests for production of documents or inspection that require production or inspection within three (3) calendar days of service, and may serve subpoenas upon non-parties that direct production or inspection within five (5) calendar days of service, for the purpose of discovering: (1) the nature, location, status, and extent of assets of Defendants or their affiliates or subsidiaries; (2) the nature and location of Documents and business records of Defendants or their affiliates or subsidiaries; and (3) compliance with this Order, *provided that* twenty-four hours' notice will be deemed sufficient for the production of any such Documents that are maintained or stored only as electronic data;

C.   Serve deposition notices and other discovery requests upon the parties to this action by facsimile or overnight courier, and take depositions by telephone or other remote electronic means; and

41

If a Defendant fails to appear for a properly noticed deposition or fails to comply with a request for production or inspection, seek to prohibit that Defendant from introducing evidence at any subsequent hearing.

## XXVI.

## MONITORING

**IT IS FURTHER ORDERED** that the Bureau's agents or representatives may contact Defendants directly or anonymously for the sole purpose of monitoring compliance with Sections I, II, III, and IV of this Order, and may tape record any oral communications that occur in the course of such contacts.

## XXVII.

## NOTIFICATION OF BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that:

A. Defendants are hereby preliminarily enjoined from directly or indirectly creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first serving on counsel for the Bureau a written statement disclosing the following: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended or actual activities.

B. Individual Defendants must notify the Bureau at least seven (7) days prior to affiliating with, becoming employed by, or performing any work for any business that is not a named Defendant in this action. Each notice must include his new business

address and a statement of the nature of the business or employment and the nature of his duties and responsibilities in connection with that business or employment.

## XXVIII.

## DEFENDANTS' DUTY TO DISTRIBUTE ORDER

**IT IS FURTHER ORDERED** that Defendants must, within five (5) business days of service of this Order upon them, provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, electronic data host, agent, authorized signatory to bank accounts, attorney, spouse, and representative of Defendants and must, within eight (8) calendar days from the date of service of this Order, provide the Bureau's counsel with a sworn statement that: (a) confirms that Defendants have provided copies of the Order as required by this Section and (b) lists the names and addresses of each entity or person to whom Defendants provided a copy of the Order. Furthermore, Defendants may not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with Defendants to disregard this Order or believe that they are not bound by its provisions.

## XXIX.

## CORRESPONDENCE WITH PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU

**IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail addressed to the Bureau is subject to delay due to heightened security screening, all correspondence and service of pleadings on Plaintiff Consumer Financial Protection

43

Bureau must be sent either via electronic submission or via overnight express delivery

to:

John Thompson
Consumer Financial Protection Bureau
Office of Enforcement
1700 G Street, NW
Washington, DC 20552
John.Thompson@cfpb.gov

With a copy to:

Thomas M. Larson - Local Counsel
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
tom.larson@usdoj.gov

## XXX.

## SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by

facsimile transmission, email, personal or overnight delivery, or US Mail, by the

Bureau's agents and employees or any local, state, or federal law enforcement agency or

by private process server, upon any financial institution or other entity or person that

may have possession, custody, or control of any Documents or Assets of any Defendant,

or that may otherwise be subject to any provision of this Order. Service upon any branch

or office of any financial institution will effect service upon the entire financial

institution.

44

**XXXI.**

**EXPIRATION OF ORDER**

**IT IS FURTHER ORDERED** that this Order will expire upon entry of a final judgment in this case.

**XXXII.**

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court will retain jurisdiction of this matter for all purposes of construction, modification, and enforcement of his Order.

**SO ORDERED**, this 3rd  day of October, 2014, at Kansas City, Missouri.

_____/s/ Dean Whipple_____
Honorable Dean Whipple
United States District Judge