IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) ) ) |
| Plaintiff, | ) ) Case No. 4:14-00789-CV-W-DW |
| v. | ) ) |
| RICHARD F. MOSELEY, SR., et al., | ) ) |
| Defendants. | ) |

### INDIVIDUAL DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Richard F. Moseley, Sr., Richard F. Moseley, Jr. and Christopher J. Randazzo ("Individual Defendants"), by and through their undersigned counsel, hereby provide the following answer and affirmative defenses to Plaintiff's Complaint:

1.  Individual Defendants admit that Defendant Richard F. Moseley, Sr. managed certain related companies that originated online payday or short-term cash advance loans. Individual Defendants deny the remaining allegations contained in paragraph 1 of the Complaint.

2.  Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 2 contains factual allegations requiring a response, Individual Defendants deny those allegations.

3.  Paragraph 3 of the Complaint contains legal conclusions to which no response is required. Individual Defendants do not contest subject matter jurisdiction over the claims against them in this matter.

4.  Paragraph 4 of the Complaint contains legal conclusions to which no response is required. Individual Defendants do not contest personal jurisdiction over them in this matter.

5.  Paragraph 5 of the Complaint contains legal conclusions to which no response is required. Individual Defendants do not contest venue in this Court.

6.  Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 6 contains factual allegations requiring a response, Individual Defendants deny those allegations.

7.  Individual Defendants admit that Richard F. Moseley, Sr. is an individual who co-owned and managed certain related companies engaged in the business of online payday or short-term cash advance lending, and that Moseley, Sr. has transacted business in the Western District of Missouri. Individual Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8.  Individual Defendants admit that Richard F. Moseley, Jr. is an individual who was co-owner of certain companies with Richard F. Moseley, Sr. that were engaged in the business of online payday or short-term cash advance lending. Individual Defendants deny that Moseley, Jr. operated or managed those entities and deny the remaining allegations contained in paragraph 8 of the Complaint.

9.  Individual Defendants admit only that Christopher J. Randazzo is an individual who at times in the past has been employed by certain of the entity Defendants. Individual Defendants deny the remaining allegations contained in paragraph 9 of the Complaint.

10. Individual Defendants admit that SSM Group LLC was a limited liability company organized under the laws of the Commonwealth of St. Kitts & Nevis ("Nevis"). Individual Defendants further admit that SSM Group was managed by Moseley, Sr., and that SSM Group originated online payday or short-term cash advance loans to borrowers in the
2

United States. Individual Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

11. Individual Defendants admit that CMG Group LLC was a limited liability company organized under the laws of Nevis. Individual Defendants further admit that CMG Group was managed by Moseley, Sr., and that CMG Group originated online payday or short-term cash advance loans to borrowers in the United States. Individual Defendants deny the remaining allegations contained in paragraph 11 of the Complaint.

12. Individual Defendants admit that DJR Group LLC was a limited liability company organized under the laws of Nevis. Individual Defendants further admit that DJR Group was managed by Moseley, Sr., and that DJR Group originated online payday or short-term cash advance loans to borrowers in the United States. Individual Defendants deny the remaining allegations contained in paragraph 12 of the Complaint.

13. Individual Defendants admit that BCD Group LLC was a limited liability company organized under the laws of Nevis. Individual Defendants further admit that BCD Group was managed by Moseley, Sr., and that BCD Group originated online payday or short-term cash advance loans to borrowers in the United States. Individual Defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

14-17. In response to paragraph 14 through 17 of the Complaint, Individual Defendants admit only that Hydra Financial Limited was a limited company organized under the laws of New Zealand, had a principal place of business at Level 5, 22 The Terrace, Wellington, 6011, New Zealand, and that the company was managed by Moseley, Sr. Individual Defendants deny that Hydra Financial Limited Funds I through IV were separate entities, but admit that Hydra Financial Limited made online payday or short-term cash advance loans through each of those

funds. Individual Defendants deny the remaining allegations contained in paragraph 14 through 17 of the Complaint.

18. Individual Defendants deny that PCMO Services, LLC is a Missouri limited liability company, but admit that the entity had its principal place of business at Two East Gregory Boulevard, Kansas City, Missouri 64114. Individual Defendants deny that PCMO Services, LLC was owned by Defendants Moseley, Sr. and Moseley, Jr., but admit that it was managed by Moseley, Sr. Individual Defendants deny that PCMO Services, LLC transacted business throughout the United States and specifically aver that its business was limited to the State of Missouri. Individual Defendants deny the remaining allegations contained in paragraph 18 of the Complaint.

19. Individual Defendants deny that PCKS Services, LLC is a Kansas limited liability company, but admit that the entity had its principal place of business at Two East Gregory Boulevard, Kansas City, Missouri 64114. Individual Defendants deny that PCKS Services, LLC was owned by Defendants Moseley, Sr. and Moseley, Jr., but admit that it was managed by Moseley, Sr. Individual Defendants deny that PCKS Services, LLC ever transacted business, and deny the remaining allegations contained in paragraph 19 of the Complaint.

20. Individual Defendants deny that Piggy Cash Online Holdings, LLC is a Kansas limited liability company, but admit that the entity had its principal place of business at Two East Gregory Boulevard, Kansas City, Missouri 64114. Individual Defendants admit that Piggy Cash Online Holdings, LLC was co-owned by Defendants Moseley, Sr. and Moseley, Jr., and that it was managed by Moseley, Sr. Individual Defendants deny the remaining allegations contained in paragraph 20 of the Complaint.

4

CORE/3002624.0002/103490248.1
Case 4:14-cv-00789-DW   Document 57   Filed 11/20/14   Page 4 of 17

21. Individual Defendants admit that CLS Services, Inc. is a corporation partly owned by Moseley, Sr. and that it was managed by Moseley, Sr. Individual Defendants deny that the entity transacted business throughout the United States and deny the remaining allegations contained in paragraph 21 of the Complaint.

22. Individual Defendants admit that FSR Services, Inc. is a corporation partly owned by Moseley, Sr. and that Moseley, Sr. managed the entity. Individual Defendants deny the remaining allegations contained in paragraph 22 of the Complaint.

23. Individual Defendants admit only that SJ Partners, LLC is a Missouri limited liability company, that the entity was jointly owned by Moseley, Sr. and Moseley, Jr., that the entity was managed by Moseley, Sr., and that the entity transacted business in certain U.S. states. Individual Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24. Individual Defendants admit only that River Elk Services LLC is a Missouri limited liability company, that it was jointly owned by Moseley, Sr. and Moseley, Jr. that it was managed by Moseley Sr., and that it transacted business in this district. Individual Defendants deny the remaining allegations of paragraph 24 of the Complaint.

25. Individual Defendants admit that OSL Marketing, Inc., was a Missouri corporation and had its principal place of business at Two East Gregory Blvd., Kansas City, MO 64114. Individual Defendants further admit that the entity was partly owned by Moseley, Sr. that it was managed by him, and that it transacted business in this district. Defendants deny the remaining allegations of paragraph 25 of the Complaint.

26. Individual Defendants admit that Rocky Oak Services, LLC was a Kansas limited liability company with its principal place of business at Two East Gregory Blvd., Kansas City,

MO 64114, that the company was managed by Moseley, Sr., and that the company transacted business in this district. Individual Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

27. Individual Defendants admit that RM Partners, LLC is a Kansas limited liability company that maintained a principal office at 3901 West 56th Street, Fairway, KS 66205, that the company was jointly owned by Moseley, Sr. and Moseley, Jr. and that the company has transacted business in certain states of the United States. Individual Defendants deny the remaining allegations contained in paragraph 27 of the Complaint.

28. Individual Defendants admit that PDC Ventures LLC is a Missouri limited liability company that maintained a principal place of business at Two East Gregory Blvd., Kansas City, MO 64114, that the entity was partly owned by Moseley, Sr. and Moseley, Jr. and that it was managed by Moseley, Sr. Individual Defendants further admit that PDC Ventures LLC transacted certain business from this district. Individual Defendants deny the remaining allegations contained in paragraph 28 of the Complaint.

29. Individual Defendants admit that Corvus Company LLC is a limited liability company organized under the laws of Nevis. Individual Defendants further admit that Corvus was partly owned by Moseley, Sr., was managed by Moseley, Sr. and that the company transacted business in this district. Individual Defendants deny the remaining allegations contained in paragraph 29 of the Complaint.

30. Individual Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Individual Defendants admit only that certain of the entity Defendants previously engaged in the business of online payday or short-term cash advance lending, and that payday

loans are short-term, unsecured loans made to consumers to provide funds in anticipation of an upcoming paycheck, that such loans carry a high degree of risk and administrative expense for the amount of time the funds are advanced, and that as a result, the costs of such loans are higher than the costs of secured and longer-term loans. Individual Defendants deny the remaining allegations contained in paragraph 31 of the Complaint.

32. Individual Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. In response to the allegations contained in paragraph 33 of the Complaint, Individual Defendants admit only that certain entity Defendants contracted with one or more lead generation companies in order to identify individuals applying for short-term cash advances and potential borrowers. Individual Defendants deny the remaining allegations contained in paragraph 33 of the Complaint.

34. In response to the allegations contained in paragraph 34 of the Complaint, Individual Defendants admit only that the entity Defendants' loans were funded by way of direct deposit to the borrower's account, and often were paid by way of an ACH withdrawal. Individual Defendants deny the remaining allegations contained in paragraph 34 of the Complaint.

35. Individual Defendants lack knowledge and information sufficient to form a belief concerning the truth or falsity of the allegations contained in paragraph 35 of the Complaint, and therefore deny those allegations.

36. Individual Defendants admit that certain entity Defendants contracted with one or more lead generation companies in order to identify individuals applying for or short-term cash advances and potential borrowers, but Individual Defendants deny the remaining allegations contained in paragraph 36 of the Complaint.

37. Individual Defendants deny the allegations in paragraph 37 of the Complaint.

38-39. Individual Defendants lack knowledge and information sufficient to form a belief concerning the truth or falsity of the allegations contained in paragraphs 38 and 39 of the Complaint, and therefore deny those allegations.

40. Individual Defendants admit only that certain entity Defendants collected on loans by way of ACH withdrawals. Individual Defendants deny the remaining allegations contained in paragraph 40 of the Complaint.

41-43. Individual Defendants deny the allegations contained in paragraphs 41, 42 and 43 of the Complaint.

44. Individual Defendants lack knowledge and information sufficient to form a belief concerning the truth or falsity of the allegations contained in the first sentence of paragraph 44 of the Complaint, and therefore deny those allegations. Individual Defendants deny the allegations contained in the second sentence of paragraph 44 of the Complaint.

45.-47. Individual Defendants deny the allegations contained in paragraphs 45, 46 and 47 of the Complaint.

48. Individual Defendants admit only that certain entity Defendants sold their bad debt to certain third parties. Individual Defendants deny the remaining allegations contained in paragraph 48 of the Complaint.

49. The first sentence of paragraph 49 of the Complaint contains legal conclusions to which no response is required. To the extent that the first sentence of paragraph 49 contains factual allegations requiring a response, Individual Defendants deny those allegations. Individual Defendants deny the allegations contained in the second sentence of paragraph 49 of the Complaint.

50. Individual Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Individual Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Individual Defendants state that the entity Defendants' loan disclosures speak for themselves, and deny Plaintiff's efforts to summarize and/or characterize those disclosures. Individual Defendants deny the remaining allegations contained in paragraph 52 of the Complaint.

53. Individual Defendants deny the allegations contained in paragraph 53 of the Complaint, and state that the entity Defendants generally provided borrowers with notice of all their payment options twice per month.

54-57. In response to the allegations contained in paragraphs 54 through 57 of the Complaint, Individual Defendants state that the entity Defendants' lending and disclosure documents speak for themselves, and deny Plaintiff's efforts to summarize and/or characterize the terms of those documents. Individual Defendants deny the remaining allegations contained in paragraphs 54 through 57 of the Complaint.

58. Individual Defendants deny the allegations contained in paragraph 58 of the Complaint, and state that the entity Defendants generally provided borrowers with notice of all their payment options twice per month.

59. Individual Defendants lack knowledge and information sufficient to form a belief concerning the truth or falsity of the allegations contained in paragraph 59 of the Complaint, and therefore deny those allegations.

60-62. Individual Defendants deny the allegations contained in paragraphs 60, 61 and 62 of the Complaint.

63. In response to the allegations contained in the first sentence of paragraph 63 of the Complaint, Individual Defendants admit that consumers consented to the entity Defendants' transactions. Individual Defendants deny the remaining allegations contained in paragraph 63 of the Complaint.

64-65. In response to the allegations contained in paragraphs 64 and 65 of the Complaint, Individual Defendants state that the entity Defendants' loan agreements speak for themselves, and deny Plaintiff's efforts to summarize and/or characterize those documents. Individual Defendants deny the remaining allegations contained in paragraphs 64 and 65 of the Complaint.

66. In response to the allegations contained in paragraph 66 of the Complaint, Individual Defendants admit that Moseley, Sr. was a part owner and manager of certain of the entity Defendants as noted above. Individual Defendants deny the remaining allegations contained in paragraph 66 of the Complaint.

67. In response to the allegations contained in paragraph 67 of the Complaint, Individual Defendants admit only that Moseley, Jr. was a part owner of certain of the entity Defendants. Individual Defendants deny the remaining allegations contained in paragraph 67 of the Complaint.

68. In response to the allegations contained in paragraph 68 of the Complaint, Individual Defendants admit only that Randazzo was employed as a bookkeeper for certain entity Defendants. Individual Defendants deny that Randazzo had any ownership interest or management authority with respect to any entity Defendant. Individual Defendants deny the remaining allegations contained in paragraph 68 of the Complaint.

10

69-72.   Paragraphs 69 through 72 of the Complaint contain legal conclusions to which no response is required.  To the extent that paragraphs 69 through 72 contain factual allegations requiring response, Individual Defendants deny those allegations.

## COUNT I

**Alleged Misrepresentations that Consumers Authorized Loans and are Bound by Their Terms**

73.   In response to the allegations contained in paragraph 73 of the Complaint, Individual Defendants admit that in certain instances, the entity Defendants provided documentation of borrowers' loans to borrowers upon request.  Individual Defendants deny the remaining allegations contained in paragraph 73 of the Complaint.

74-75.   Individual Defendants deny the allegations contained in paragraphs 74 and 75 of the Complaint, and further note that paragraph 70 referenced in the allegations of paragraphs 74 and 75 does not set forth alleged representations.

## COUNT II

**Alleged Misrepresentations about Loan Terms**

76.   In response to the allegations contained in paragraph 76 of the Complaint, Individual Defendants note that the entity Defendants' loan disclosures speak for themselves, and Individual Defendants deny Plaintiff's attempts to summarize and/or characterize those disclosures.  Individual Defendants deny the remaining allegations contained in paragraph 76 of the Complaint.

77-78.   Individual Defendants deny the allegations contained in paragraphs 77 and 78 of the Complaint.

## COUNT III

**Alleged Unfair Billing Practices**

79. Paragraph 79 sets forth a legal conclusion to which no response is required. To the extent that paragraph 79 contains any factual allegations requiring response, Individual Defendants deny those allegations.

80-82. Individual Defendants deny the allegations contained in paragraphs 80, 81 and 82 of the Complaint.

### ALLEGED VIOLATIONS OF TILA AND REGULATION Z

83-86. Paragraphs 83 through 86 of the Complaint contain legal conclusions to which no response is required. To the extent that paragraphs 83 through 86 contain any factual allegations requiring response, Individual Defendants deny such allegations.

### COUNT IV

#### Alleged Inaccurate Loan Term Disclosures

87-88. Individual Defendants deny the allegations contained in paragraphs 87 and 88 of the Complaint.

### ALLEGED VIOLATIONS OF EFTA AND REGULATION E

89-95. Paragraphs 89 through 95 of the Complaint contain legal conclusions to which no response is required. To the extent that paragraphs 89 through 95 contain factual allegations requiring response, Individual Defendants deny those allegations.

### COUNT V

#### Allegedly Not Obtaining Authorization for Electronic Funds Transfers

96-97. Individual Defendants deny the allegations contained in paragraphs 96 and 97 of the Complaint.

### COUNT VI

#### Allegedly Conditioning Credit on Preauthorized Electronic Funds Transfers

12

98. In response to the allegations contained in paragraph 98 of the Complaint, Individual Defendants note that the entity Defendants' loan documents speak for themselves, and Individual Defendants deny Plaintiff's attempts to summarize and/or characterize those documents. Individual Defendants deny the remaining allegations contained in paragraph 98 of the Complaint.

99. Individual Defendants deny the allegations contained in paragraph 99 of the Complaint.

## ALLEGED CONSUMER INJURY

100. Individual Defendants deny the allegations contained in paragraph 100 of the Complaint.

## THE COURT'S ALLEGED POWER TO GRANT RELIEF

101. Paragraph 101 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 101 contains factual allegations requiring a response, Individual Defendants deny those allegations.

## PRAYER FOR RELIEF

102. Individual Defendants deny that Plaintiff is entitled to the relief requested or any relief.

103. Individual Defendants deny each and every allegation of the Complaint that is not specifically admitted above.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim against Individual Defendants upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose, including 15 U.S.C. § 1693.

13

3. To the extent that the Complaint sets forth any unlawful, deceptive or unfair acts and/or omissions, such acts and/or omissions were committed by third parties over whom the Individual Defendants do not exercise authority or control, and without the knowledge of consent of the Individual Defendants.

4. At all times relevant to the allegations in Plaintiff's Complaint, the Individual Defendants acted fairly, reasonably, in good faith, and without intent to harm.

5. The claims against the Individual Defendants are barred by the correction of errors doctrine. 15 U.S.C. § 1640(b).

6. The claims against the Individual Defendants are barred because any alleged violation of law was not intentional but rather the result of bona fide errors notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. §§ 1640(c) and 1693m(c).

7. The claims against the Individual Defendants are barred based on the Individual Defendants' good faith compliance under 15 U.S.C. §§ 1640(f) and 1693m(d).

8. To the extent Plaintiff recovers any amounts from any other source, the Individual Defendants are not liable for any excess amounts. See 15 U.S.C. § 1640(d).

9. Plaintiff's claim for injunctive relief is moot and, therefore, barred in that the activities complained of were no longer occurring at the time Plaintiff filed its Complaint.

10. Plaintiff has failed to state a claim for which relief may be granted under the Truth in Lending Act ("TILA") because, to enforce a claim for inaccurate disclosure, Plaintiff must provide notice to the creditor and must utilize the mandatory administrative cease and desist process required by Section 1607(e) of TILA, and Plaintiff has failed to do so.

11. Plaintiff abused its discretion in bringing this action because it should have proceeded by rulemaking, in that it seeks to change the law and establish rules of widespread application.

14

CORE/3002624.0002/103490248.1

Case 4:14-cv-00789-DW   Document 57   Filed 11/20/14   Page 14 of 17

12. Plaintiff's claims are barred by the voluntary payment doctrine in that consumers made payments with full knowledge of all pertinent facts.

13. Plaintiff's claims are barred by the doctrine of waiver. The consumers for whom the Plaintiff purports to act knew or reasonably should have known the terms of the loans they were securing.

14. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. Plaintiff's delay in asserting its claims, coupled with the delay of the consumers it purports to represent, bar these claims, especially in light of the prejudice to the Individual Defendants as a result of the unreasonable delay in filing suit.

15. Plaintiff has failed to state a claim against the Individual Defendants for which relief may be granted under TILA because the Individual Defendants are not creditors (as that term is defined in 15 U.S.C. 1602(g) and referenced in 15 U.S.C. § 1640), nor are they "assignees" under 15 U.S.C. § 1641. Accordingly, Individual Defendants cannot be held liable for alleged violations of TILA.

16. Plaintiff's claims for relief under 12 U.S.C. § 5536(a)(1)(B) are barred because the statute is unconstitutionally vague and, although Plaintiff was given rulemaking authority in 12 U.S.C. § 5531(b) to identify unfair, deceptive or abusive acts or practices, it has not exercised that authority.

15

STINSON LEONARD STREET LLP

By  /s/ Sean W. Colligan
         John C. Aisenbrey MO #31907
         Sean W. Colligan MO # 48491
         Matthew J. Salzman MO # 50774
         1201 Walnut Street, Suite 2900
         Kansas City, MO 64106
         Tele: (816) 842-8600
         Fax: (816) 412-0997
         Email: john.aisenbrey@stinsonleonard.com
         Email: sean.colligan@stinsonleonard.com
         Email: matt.salzman@stinsonleonard.com

         Attorneys for Individual Defendants

## CERTIFICATE OF SERVICE

       On November 20, 2014, a copy of the foregoing document was filed with the Court's ECF system, and were served by email on the following counsel for plaintiff and the Receiver:

John Thompson  
Consumer Financial Protection Bureau  
Office of Enforcement 1700 G Street, NW  
Washington, DC 20552

Thomas M. Larson  
Assistant United States Attorney Charles  
Evans Whittaker Courthouse  
400 East Ninth Street, Room 5510  
Kansas City, Missouri 64106

ATTORNEYS FOR PLAINTIFF

Matthew T. Geiger  MO # 50071  
Benjamin R. Prell MO # 55654  
Geiger Prell Business Disputes  
10000 College Boulevard, Suite 100  
Overland Park, Kansas 66210

Daniel M. Benjamin, #209240  
Andrew W. Robinson, #62541  
Ballard Spahr, LLP  
655 West Broadway, Suite 1600  
San Diego, CA 92101

ATTORNEYS FOR THE TEMPORARY RECEIVER

                                                  /s/ Sean W. Colligan  
                                                  Attorney for Individual Defendants