UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD F. MOSELEY, SR., et al.,<br><br>Defendants. | CASE NO. 4:14-00789-CV-W-DW |

**PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AGAINST THE RECEIVERSHIP DEFENDANTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 55(a)**

Plaintiff, Consumer Financial Protection Bureau (Bureau), hereby applies to the Court to direct the Clerk to enter default against Defendants:

- SSM Group, LLC;
- CMG Group, LLC;
- DJR Group, LLC;
- BCD Group, LLC;
- Hydra Financial Limited Fund I;
- Hydra Financial Limited Fund II;
- Hydra Financial Limited Fund III;
- Hydra Financial Limited Fund IV;
- PCMO Services, LLC;
- PCKS Services, LLC;
- Piggycash Online Holdings, LLC;

- CLS Services, Inc.;
- FSR Services, Inc.;
- SJ Partners, LLC;
- River Elk Services, LLC;
- OSL Marketing, Inc., a/k/a OSL Group, Inc.;
- Rocky Oak Services, LLC;
- RM Partners, LLC;
- PDC Ventures, LLC; and
- Corvus Company, LLC

(Receivership Defendants) on the grounds that the Receivership Defendants have failed to answer or otherwise defend this action despite being properly served with the summons and Complaint in this action. The Bureau's application is based on the Declaration of John Thompson, the filings and records in this action, and any other evidence the Bureau may present in support of the application.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 9, 2014, the Bureau filed the Complaint for Permanent Injunction and Other Relief (Complaint) and a motion for a TRO against Defendants in this matter. (Dkt. Nos. 3, 7). The Bureau's Complaint and suggestions in support of the TRO generally allege that since at least 2011, the Hydra Group operated an illegal online payday lending business and engaged in a variety of unfair, deceptive, and otherwise unlawful acts or practices that inflicted harm on hundreds of thousands of consumers nationwide. (Dkt. Nos. 3, 9).

The Court entered the TRO on September 9, 2014. (Dkt. No. 8). Among other things, the TRO froze Defendants' assets and appointed a receiver over the corporate

2

Defendants. On September 10, 2014, all Defendants were personally served with a copy of the Summons, Complaint and TRO. Under Federal Rule of Civil Procedure 4(h)(B), the Receivership Defendants were served by personal service on their officers or managers, Defendants Moseley Sr., Moseley Jr., and Randazzo (Individual Defendants), as evidenced by the proofs of service filed with the Court. (Dkt. Nos. 14, 15, 17; Thompson Decl. ¶ 3).

Individual Defendants retained counsel and stipulated to the entry of a preliminary injunction. (Dkt. No. 33). When asked by the Bureau whether the Receivership Defendants would also be retaining counsel, counsel for the Individual Defendants claimed that the TRO's receivership provisions prevented the Receivership Defendants from obtaining counsel. (Thompson Decl. ¶ 4). Although the Bureau disagreed with that interpretation, the Receivership Defendants did not obtain counsel and did not seek guidance or permission from the Court regarding a response to service of the Summons and Complaint. (Thompson Decl. ¶ 4).

On September 23, 2014, Individual Defendants and the Receivership Defendants (through the Receiver) stipulated to a PI that contained a specific provision negotiated by counsel for the Individual Defendants that permitted the Receivership Defendants to retain counsel through the Individual Defendants so that they could defend this action. (Dkt. Nos. 33, 40 ¶ XXIV; Thompson Decl. ¶ 5).

On September 27, 2014, Individual Defendants sought the Bureau's consent to move this Court for a 20-day extension to answer the Complaint. (Thompson Decl. ¶ 6). The Bureau agreed to an extension and on September 29, Individual Defendants filed an unopposed motion requesting a new deadline of October 21, 2014. (Dkt. No. 35). This

3

Case 4:14-cv-00789-DW   Document 59   Filed 12/05/14   Page 3 of 7

Court granted the motion on September 30 extending the time for Individual Defendants to respond to the Complaint to October 21, 2014. (Dkt. No. 36).

At a hearing held on October 3, 2014, counsel for the Individual Defendants notified the Court that they would be withdrawing from the case because of a conflict and that Individual Defendants would be retaining new counsel. (Dkt. No. 41, 13:13-14:12). At the same time, counsel notified the Court that it would be filing a motion seeking partial relief from the asset freeze early the following week. (Dkt. No. 41, 13:11-24, 14:16-17). The Court entered its order granting the Stipulated PI on October 3, 2014. (Dkt. No. 40).

On October 20, 2014, more than 2 weeks after the October 3 hearing, Individual Defendants filed their motion seeking relief from the asset freeze (Dkt. No. 43). Meanwhile, the October 21 deadline to file their answer or otherwise respond to the Bureau's complaint passed without any Defendants filing an answer or other responsive pleading. (Thompson Decl. ¶ 9). On October 23, the Bureau notified Individual Defendants' counsel that, as a result of missing the deadline to respond, their clients were currently in default. (Thompson Decl. ¶ 10). That day, counsel for the Individual Defendants then moved this Court for a second, longer extension of time to respond to the Complaint (Dkt. No. 46). The Bureau did not consent to this second extension of time for the reasons set forth in its opposition (Dkt. No. 49). The Court granted the motion and ordered Individual Defendants to respond on or before November 20, 2014. (Dkt. No. 52).

On November 20, 2014, Individual Defendants filed an Answer to the Complaint (Dkt. No. 57). Although 86 days have passed since they were served, the Receivership Defendants still have not retained counsel, nor have they responded to the Complaint.

4

None of the motions seeking extensions of time to respond to the Complaint were filed on behalf of the Receivership Defendants, and none of the extensions of time granted by this Court applied to the Receivership Defendants.

**REQUEST FOR RELIEF**

Federal Rule of Civil Procedure 55(a) provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, the attached Affidavit of John Thompson and the Court's own records demonstrate that the Receivership Defendants have failed to plead or otherwise defend this action. The Receivership Defendants have not retained counsel, made any appearance in the action, or responded to the Complaint. Accordingly, under Rule 55(a), the Clerk should enter Default.

Dated: December 5, 2014

                                        Respectfully submitted,

                                        ANTHONY ALEXIS
                                        Acting Enforcement Director

                                         */s/ John Thompson*
                                        John Thompson
                                            E-mail: john.thompson@cfpb.gov
                                            Phone: 202-435-7270
                                        Laura Schneider
                                            E-mail: laura.schneider@cfpb.gov
                                            Phone: 202-435-7311
                                        Michael Favretto
                                            E-mail: michael.favretto@cfpb.gov
                                            Phone: 202-435-7785
                                        1700 G Street NW
                                        Washington, DC 20552
                                        Facsimile: (202) 435-7722

                                        Attorneys for Plaintiff
                                        Consumer Financial Protection Bureau

And

Local Counsel
TAMMY DICKINSON
United States Attorney


   */s/ Thomas Larson*
Thomas M. Larson, Bar No. 21957
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO 64106
Phone: 816-426-3130
Facsimile: 816-426-3165
E-mail: tom.larson@usdoj.gov

# CERTIFICATE OF SERVICE

On December 5, 2014, a copy of the foregoing document was filed with the Court's

ECF system which electronically served the following counsel:

Consumer Financial Protection Bureau
John Thompson
Laura Schneider
Michael Favretto
Office of Enforcement
1700 G Street, NW
Washington, DC 20552
Phone: 202-435-7270
John.Thompson@cfpb.gov
laura.schneider@cfpb.gov
michael.favretto@cfpb.gov

Thomas M. Larson
Assistant United States Attorney
CharlesEvans Whittaker Courthouse
400 East Ninth Street, Room5510
Kansas City, Missouri 64106
tom.larson@usdoj.gov

Stinson Leonard Street LLP
John C. Aisenbrey
Sean W. Colligan
Matthew J. Salzman
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Phone: (816) 842-8600
 john.aisenbrev@stinsonleonard.com
sean.colligan@stinsonleonard.com
matt.salzman@stinsonleonard.com

Thomas W. McNamara
Daniel M. Benjamin
Andrew W. Robertson
Ballard Spahr, LLP
655 West Broadway, Suite 1600
San Diego, CA 92101-8494
(619) 696-9200
mcnamarat@ballardspahr.com
benjamind@ballardspahr.com
robertsona@ballardspahr.com

Matthew T. Geiger
Benjamin R. Prell
Geiger Prell, LLC
10000 College Boulevard, Suite 100
Overland Park, Kansas 66210
913-661-2430 (telephone)
mgeiger@geigerprell.com
bprell@geigerprell.com
Attorneys for the Receiver

/s/ Laura Schneider
Attorney for Plaintiff
Consumer Financial Protection Bureau