IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) ) | |
| Plaintiff, | ) ) | Case No. 4:14-00789-CV-W-DW |
| RICHARD F. MOSELEY, SR., et al., | ) ) ) | |
| Defendants. | ) | |

### MOTION FOR LEAVE TO WITHDRAW AND SUGGESTIONS IN SUPPORT

Counsel for Defendants Richard Moseley, Sr., Richard Moseley, Jr. and Christopher Randazzo (collectively, "the Individual Defendants"), pursuant to Local Rule 83.5(o), respectfully move the Court for an order granting the undersigned leave to withdraw as counsel in this matter. Because counsel's engagement to represent the Individual Defendants specifically contemplated counsel's withdrawal from the representation due to a conflict of interest alleged by the Receiver, and because the non-payment of counsel's fees imposes an unreasonable financial burden on counsel, this motion for leave to withdraw should be granted.

**Introduction**

On or about September 25 and September 30, 2014, the Individual Defendants executed an engagement agreement with Stinson Leonard Street LLP ("the Engagement Agreement") documenting the undersigned's agreement to represent the Individual Defendants in this case.

At the time the Individual Defendants engaged the undersigned, all Defendants were the subject of a Temporary Restraining Order (Doc. 8) freezing virtually all of their assets and completely shuttering Mr. Moseley, Sr.'s business operations. In addition, the Temporary Restraining Order enjoined Mr. Moseley, Sr. from operating his business, from transacting any related business, and required the Individual Defendants to undertake a massive and immediate

reporting effort to the CFPB and the Receiver. As a result, the Individual Defendants were left without resources to either pay their ordinary and necessary living expenses or to retain counsel to defend against the allegations, yet in desperate need of counsel to address the Government's all-encompassing action. The undersigned began the work of assisting the Individual Defendants in complying with the Temporary Restraining Order, and later the Preliminary Injunction (Doc. 40), as well as the early analysis of defenses to the Government's action.

**Procedural Posture**

Aside from the initial limited expedited discovery - a deposition of Mr. Moseley, Sr.[1] conducted by the Government - discovery has not commenced in this case. Initial disclosure requirements have been stayed (Doc. 63) pending resolution of the Individual Defendants' Motion for Partial Relief (Doc. 45), which seeks the release of funds to pay the Moseleys' living expenses and allow them to engage replacement counsel. The Individual Defendants and counsel spent extensive time and effort to gather the information required concerning all Defendants in order to satisfy the reporting requirements of the TRO and Preliminary Injunction, despite having limited access to the records containing much of the necessary information that were by then in the hands of the Receiver. The Individual Defendants have neither made nor received requests for production, interrogatories, or other discovery requests.

As explained in prior filings, the Receiver has objected to the undersigned's continued representation of the Individual Defendants based upon certain limited work that counsel performed for the Receivership Defendants in the past. Due to the alleged conflict that the Receiver claims this prior representation creates, the undersigned has long planned to withdraw from this matter, but has delayed doing so in the hope that the Individual Defendants would be

---

[1] Conducted pursuant to Paragraph XXV.A of the Preliminary Injunction Order (Doc. 40).

able to secure replacement counsel first. However, after five months of waiting, current counsel is no longer able to delay its withdrawal.

**The Engagement Agreement**

Pursuant to the terms and conditions of the Engagement Agreement, the Individual Defendants agreed to pay the fees for and costs incurred in the representation. The Individual Defendants further agreed that Stinson Leonard Street LLP could withdraw from this matter and cease representing them if its invoices were not paid. As of the date of this Motion, counsel has not been paid anything for its work in this matter, and in excess of $100,000 has been invoiced yet remains unpaid. The Engagement Agreement further reflects the Individual Defendants' agreement to diligently seek to retain replacement counsel in this matter, with the understanding that current counsel would withdraw in light of the Receiver's objection. The Individual Defendants have been advised that these circumstances will result in counsel seeking leave to withdraw. The Individual Defendants have advised the undersigned that, due to the asset freeze ordered in this case, they are unable to pay the current amount due and, further, that they are unable to retain replacement counsel.

**Withdrawal**

Rule 4-1.16(b)(5) of the Missouri Rules of Professional Responsibility permits a lawyer to "withdraw from representing a client if … the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Rule 4-1.16(b)(6) permits a lawyer to "withdraw from representing a client if … the representation will result in an unreasonable financial burden on the lawyer..." Rule 4-1.9(b) of the Missouri Rules of Professional Conduct contains certain prohibitions on attorneys representing persons where such representation would

implicate confidential information that is protected under Rule 4-1.6 and received in a substantially related matter from a former client, unless the former client gives its written consent to the representation.

The Individual Defendants have been unable and have failed to fulfill their obligation to counsel to pay attorneys' fees and costs. Accordingly, the undersigned is permitted to seek to withdraw from representing the Individual Defendants. *See* Rule 4-1.16(b)(5). Because the Individual Defendants will, in the future, remain unable to pay attorneys' fees and costs unless significant relief from the asset freeze is granted, continued representation of the Individual Defendants would result in an unreasonable financial burden on counsel, which constitutes additional grounds to withdraw from representing the Individual Defendants. *See* Rule 4-1.16(b)(6). Further, the Receiver claims that the undersigned's possession of confidential information from prior work for one or more Receivership Defendants gives rise to a conflict, as to which the Receiver refuses to consent to the undersigned's continued representation of the Individual Defendants. This circumstance may also justify withdrawal. *See* Rule 4-1.16(a)(1).

**Local Rule 83.5(o)**

Local Rule 83.5(o) of the Local Rules for the United States District Court for the Western District of Missouri provides "[c]ounsel may not be relieved from further representation of a client without obtaining leave of Court. Such leave will ordinarily be denied unless entry of appearance by substitute counsel is assured or has occurred." L.R. 83.5(o). Although allowing withdrawal is discretionary with the Court, the undersigned respectfully suggests that the circumstances of this case merit the relief requested.

The Receiver claims that a conflict precludes the undersigned from continuing the current representation. The Receiver has indicated that he will, at some point, submit a motion to

4

CORE/3002624.0002/104744963.1    Case 4:14-cv-00789-DW    Document 76    Filed 02/20/15    Page 4 of 6

disqualify Stinson Leonard Street from continuing its representation. Rather than engage in unnecessary motion practice on that point, the undersigned proposes to withdraw. Further, the undersigned has incurred substantial costs as reflected in time and out of pocket expenses for which counsel has received no payment or reimbursement. The extended period of non-payment of fees, coupled with the uncertainty of ever receiving compensation for the substantial work already performed, imposes undue hardship on counsel.

The undersigned counsel has conferred with counsel for the Plaintiff in this case and has been advised that Plaintiff does not object to the relief requested in this motion.

**Conclusion**

For the reasons set out above, the undersigned prays the Court for its order granting Stinson Leonard Street LLP leave to withdraw as counsel for the Individual Defendants, and for such other relief as the Court deems just and proper.

> Respectfully submitted,
>
> STINSON LEONARD STREET LLP
>
>
> By  /s/ *Sean W. Colligan*
> John C. Aisenbrey MO #31907
> Sean W. Colligan MO # 48491
> Matthew J. Salzman MO # 50774
> 1201 Walnut Street, Suite 2900
> Kansas City, MO 64106
> Tele: (816) 842-8600
> Fax: (816) 412-0997
> Email: john.aisenbrev@stinsonleonard.com
> Email:  sean.colligan@stinsonleonard.com
> Email:  matt.salzman@stinsonleonard.com
>
> Attorneys for Individual Defendants

# CERTIFICATE OF SERVICE

On February 20, 2015, a copy of the foregoing document was filed with the Court's ECF system which electronically served the following counsel for plaintiff:

John Thompson
Consumer Financial Protection Bureau
Office of Enforcement 1700 G Street, NW
Washington, DC 20552

Thomas M. Larson
Assistant United States Attorney Charles
Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106

ATTORNEYS FOR PLAINTIFF


Matthew T. Geiger  MO # 50071
Benjamin R. Prell MO # 55654
Geiger Prell Business Disputes
10000 College Boulevard, Suite 100
Overland Park, Kansas 66210
913-661-2430 (telephone)
913-362-6729 (facsimile)

Daniel M. Benjamin, #209240
Andrew W. Robinson, #62541
Ballard Spahr, LLP
655 West Broadway, Suite 1600
San Diego, CA  92101
Phone:  619-696-9200

ATTORNEYS FOR THE RECEIVER


      /s/ *Sean W. Colligan*
    Attorney for Individual Defendants