## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:14-cv-00789-SRB |
| v. | ) ) | |
| RICHARD F. MOSELEY, SR., et al, | ) ) | |
| Defendants. | ) | |

**STIPULATED FINAL JUDGMENT AND ORDER AS TO DEFENDANTS RICHARD F. MOSELEY, SR.; RICHARD F. MOSELEY, JR.; SSM GROUP, LLC; CMG GROUP, LLC; DJR GROUP, LLC; BCD GROUP, LLC; HYDRA FINANCIAL LIMITED FUND I; HYDRA FINANCIAL LIMITED FUND II; HYDRA FINANCIAL LIMITED FUND III; HYDRA FINANCIAL LIMITED FUND IV; PCMO SERVICES, LLC; PCKS SERVICES, LLC; PIGGYCASH ONLINE HOLDINGS, LLC; CLS SERVICES, INC.; FSR SERVICES, INC.; SJ PARTNERS, LLC; RIVER ELK SERVICES, LLC; OSL MARKETING, INC. a/k/a OSL GROUP, INC.; ROCKY OAK SERVICES, LLC; RM PARTNERS, LLC; PDC VENTURES, LLC; AND CORVUS COMPANY, LLC**

The Bureau of Consumer Financial Protection ("Bureau") commenced this civil action on September 8, 2014 to obtain permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten gains, civil money penalties, and other relief from Richard F. Moseley, Sr. ("Moseley, Sr."), Richard F. Moseley, Jr. ("Moseley, Jr."), and Christopher J. Randazzo, and from SSM Group, LLC; CMG Group, LLC; DJR Group, LLC; BCD Group, LLC; Hydra Financial Limited Fund I; Hydra Financial Limited Fund II; Hydra Financial Limited Fund III; Hydra Financial Limited Fund IV; PCMO Services, LLC; PCKS Services, LLC; Piggycash Online Holdings, LLC; CLS Services, Inc.; FSR Services, Inc.; SJ Partners, LLC; River Elk Services, LLC; OSL Marketing, Inc. a/k/a OSL Group, Inc.; Rocky Oak Services, LLC; RM Partners, LLC; PDC Ventures, LLC; and Corvus Company, LLC. The Bureau brought its Complaint under sections 1031(a), 1036(a), 1054(a),

and 1055 of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a),

5536(a), 5564(a), and 5565; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j, and

its implementing Regulation Z, 12 C.F.R. Part 1026; and the Electronic Fund Transfer Act

("EFTA"), 15 U.S.C. §§ 1693-1693r, and its implementing Regulation E, 12 C.F.R. Part 1005. In

the Complaint, the Bureau alleges that Defendants violated the CFPA, EFTA, and TILA in

connection with the offering, provision, servicing, and collection of online, short-term, high-

interest loans across the country. The Bureau and Moseley, Sr., Moseley, Jr., and the Corporate

Defendants agree to the entry of this Stipulated Final Judgment and Order ("Order") by this

Court.

### THEREFORE, IT IS ORDERED:

### FINDINGS

By stipulation of the parties and being advised of the premises, the Court finds:

1.     This Court has jurisdiction over the parties and the subject matter of this action

pursuant to 12 U.S.C. § 5565(a)(1) and 28 U.S.C. §§ 1331 and 1345.

2.     Venue in the Western District of Missouri is proper under 28 U.S.C. § 1391(b)

and 12 U.S.C. § 5564(f).

3.     The Bureau and Settling Defendants agree to entry of this Order to settle and

resolve all matters in dispute arising from the conduct alleged in the Complaint.

4.     The Complaint states claims upon which relief may be granted.

5.     The relief provided in this Order is appropriate and available pursuant to sections

1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564 and 5565.

6.     Settling Defendants neither admit nor deny the allegations in the Complaint,

except that they admit the jurisdictional allegations in the Complaint.

7. Settling Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

8. Entry of this Order is in the public interest.

9. From January 1, 2008 until the Effective Date, Defendants extended loans to hundreds of thousands of Affected Consumers, collecting approximately $227,713,303 in consumer monies, which resulted in approximately $69,623,528 in gross profits.

10. On February 10, 2016, the U.S. Attorney's Office for the Southern District of New York unsealed an indictment charging Individual Defendant Moseley, Sr. with criminal conduct concerning the operation of Defendants' online payday lending scheme at issue in this matter. *See United States v. Moseley*, 16-cr-79 (S.D.N.Y.), ECF No. 2.

11. On November 15, 2017, Individual Defendant Moseley, Sr. was found guilty following a jury trial in New York on all counts of Indictment S2, Index No. 16-cr-79 (ER), which charged him with (1) conspiracy to collect unlawful debts; (2) collection of unlawful debts; (3) conspiracy to commit wire fraud; (4) wire fraud; (5) aggravated identity theft; and (6) making false disclosures under TILA.

12. On June 12, 2018, the Honorable Edgardo Ramos sentenced Individual Defendant Moseley, Sr. to 120 months in prison and entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment in the amount of $49 million. *See Moseley, Sr. Criminal Case*, ECF No. 181 & *CFPB v. Moseley, et al.*, 14-cv-789, ECF No. 199-1.

## **DEFINITIONS**

13.   For the purposes of this Order, the following definitions apply:

a.   "Affected Consumers" means any consumer affected by the violations alleged in Counts I-IV of the Complaint during the Relevant Time Period.

b.   "Assets" means any legal or equitable interest in, right to or claim to any real, personal, or intellectual property, wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, trusts, and all cash, wherever located, whether in the United States or abroad.

c.   "Assisting others" means helping, aiding, or providing support to others, including but not limited to:

i.   performing customer service functions including, but not limited to, receiving or responding to consumer complaints;

ii.   formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication;

iii.   formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

iv. providing names of, or assisting in the generation of, potential customers, excluding referrals of those personally known to Settling Defendants;

v. participating in or providing services related to the offering, sale, or servicing of a product, or the collection of payments for a product;

vi. performing marketing, billing, or payment services of any kind; and

vii. acting or serving as an owner, officer, director, manager, or principal of any entity.

d. "Complaint" means the Bureau's complaint filed in the above-captioned action on September 8, 2014 (ECF No. 3).

e. "Consumer financial product or service" is synonymous in meaning and equal in scope to the definition of the term in section 1002(5) of the CFPA, 12 U.S.C. § 5481(5), and, subject to applicable restrictions contained in the CFPA, includes but is not limited to, the following financial products or services delivered, offered, or provided in connection with a consumer financial product or service offered or provided for use by consumers primarily for personal, family or household purposes:

i. Extending credit, and servicing loans, including acquiring, purchasing, selling, brokering, or other extensions of credit (other than solely extending commercial credit to a person who originates consumer credit transactions);

ii. collecting, analyzing, maintaining, or providing consumer report information or other account information, including information relating to the credit history of consumers, used or expected to be used in

connection with any decision regarding the offering or provision of a
consumer financial product or service; and

   iii.  collecting debt related to any consumer financial product or service.

f.  "Debt" means any obligation or alleged obligation to pay money, whether or not
such obligation has been reduced to judgment.

g.  "Defendants" means the Individual Defendants and the Corporate Defendants,
individually, collectively, or in any combination, and each of them by whatever
names each might be known;

   i.  "Corporate Defendants" means SSM Group, LLC; CMG Group, LLC;
DJR Group, LLC; BCD Group, LLC; Hydra Financial Limited Fund I;
Hydra Financial Limited Fund II; Hydra Financial Limited Fund III;
Hydra Financial Limited Fund IV; PCMO Services, LLC; PCKS Services,
LLC; Piggycash Online Holdings, LLC; CLS Services, Inc.; FSR
Services, Inc.; SJ Partners, LLC; River Elk Services, LLC; OSL
Marketing, Inc., a/k/a OSL Group, Inc.; Rocky Oak Services, LLC; RM
Partners, LLC; PDC Ventures, LLC; and Corvus Company, LLC, and any
successors and assigns.

   ii.  "Individual Defendants" mean Richard F. Moseley, Sr.; Richard F.
Moseley, Jr.; and Christopher J. Randazzo, collectively, or in any
combination, and each of them by any other names by which they might
be known;

   iii.  "Settling Defendants" mean Richard F. Moseley, Sr.; Richard F. Moseley,
Jr.; SSM Group, LLC; CMG Group, LLC; DJR Group, LLC; BCD Group,

LLC; Hydra Financial Limited Fund I; Hydra Financial Limited Fund II; Hydra Financial Limited Fund III; Hydra Financial Limited Fund IV; PCMO Services, LLC; PCKS Services, LLC; Piggycash Online Holdings, LLC; CLS Services, Inc.; FSR Services, Inc.; SJ Partners, LLC; River Elk Services, LLC; OSL Marketing, Inc. a/k/a OSL Group, Inc.; Rocky Oak Services, LLC; RM Partners, LLC; PDC Ventures, LLC; and Corvus Company, LLC.

h.  "Effective Date" means the date on which this Order is entered by the Court.

i. "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegee.

j. "Moseley, Sr. Criminal Case" means the legal proceedings in *United States v. Moseley*, 16-cr-79 (S.D.N.Y.) (filed on 2/4/16).

k. "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

l. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against any Settling Defendant based on substantially the same facts as alleged in the Complaint in this action.

m. "Relevant Time Period" means from January 1, 2008 until the Effective Date for purposes of Count IV of the Complaint, and July 21, 2011 until the Effective Date for purposes of Counts I-III of the Complaint.

# ORDER

## CONDUCT PROVISIONS

## I.

## PERMANENT BAN ON ORIGINATING, OFFERING, SERVICING, COLLECTING OR SELLING LOANS OR OTHER EXTENSIONS OF CREDIT

**IT IS HEREBY ORDERED** that:

14. Settling Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from, or assisting others in, any of the following:

    a. Marketing, advertising, promoting, or offering any loan or other extension of consumer credit;

    b. Originating loans or extending credit to consumers;

    c. Attempting to collect or collecting payments from consumers on an existing loan, whether directly or through a third-party debt collector;

    d. Communicating with consumers regarding any loan or other extension of credit; and

    e. Selling, assigning, brokering, gifting, conveying, or otherwise transferring any purported consumer debt to a third party, including any debt broker, debt buyer, or debt collector.

## II.

## PROHIBITED CONDUCT RELATING TO CONSUMER FINANCIAL PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that:

15. Settling Defendants, and their officers, agents, servants, employees, and attorneys, who have actual notice of this Order, whether acting directly or indirectly, in connection with the marketing, advertising, promotion, offering, originating, servicing, sale, or

performance of any consumer loan, are hereby permanently restrained and enjoined from, or assisting others in, misrepresenting, or assisting others in misrepresenting, expressly or by implication:

    a. That consumers authorized or otherwise consented to a loan;

    b. That consumers authorized or otherwise consented to access to their bank accounts;

    c. That consumers are obligated to pay finance charges associated with a loan that they did not authorize or consent to;

    d. The character, amount, or legal status of a loan;

    e. The payment schedule of a loan;

    f. The interest rate, annual percentage rate, or finance charge of a loan and whether they are fixed or adjustable;

    g. Whether, and to what extent, a payment will be applied to repayment of the principal of a loan; and

    h. Whether a loan will be refinanced or rolled over, and whether refinancing may trigger a prepayment penalty or other fees.

16.    In addition, Settling Defendants, and their officers, agents, servants, employees, and attorneys, who have actual notice of this Order, whether acting directly or indirectly, in connection with the marketing, advertising, promotion, offering, originating, servicing, sale, or performance of any consumer loan, are hereby permanently restrained and enjoined from causing debits to be made from any consumer's bank or other financial account, and from billing any consumer for any charge, without the consumer's express, informed consent.

17.     In addition, Settling Defendants, and their officers, agents, servants, employees, and attorneys, who have actual notice of this Order, whether acting directly or indirectly, in connection with the marketing, advertising, promotion, offering, originating, servicing, sale, or performance of any consumer financial product or service, are hereby permanently restrained and enjoined from making any representation, or assisting others in making any representation, about the performance, efficacy, nature, or characteristics of any consumer financial product or service, unless, at the time such representation is made, Settling Defendants possess and rely upon competent and reliable evidence that substantiates that the representation is true.

## III.

## CERTAIN CONSUMER DEBTS EXTINGUISHED

**IT IS FURTHER ORDERED** that:

18.     All consumer debt related to loans originated by the Corporate Defendants during the Relevant Time Period is hereby extinguished.

## IV.

## COOPERATION WITH BUREAU COUNSEL

**IT IS FURTHER ORDERED** that:

19.     Settling Defendants must cooperate fully with the Bureau in this matter and in any investigation related to or associated with the conduct described in the Complaint. Settling Defendants must provide truthful and complete information, evidence, and testimony. Individual Defendants Moseley, Sr. and Moseley, Jr. must appear, and Corporate Defendants must cause Corporate Defendants' officers, employees, representatives, or agents to appear,

for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as the Bureau may designate, without the service of compulsory process. *Provided however*, that nothing in this Paragraph shall be interpreted as a waiver of Individual Defendant Moseley, Sr.'s 5th Amendment right against self-incrimination.

20.     Settling Defendants must cooperate fully to help the Bureau determine the identity, location and contact information of any Defendant or any of the Corporate Defendants' former employees. Settling Defendants must provide such information in his or his agents' possession or control within 14 days of receiving a written request from the Bureau.

21.     Settling Defendants must cooperate fully to help the Bureau determine the identity, location, contact information, and amount of injury sustained by each Affected Consumer. Settling Defendants must provide such information in his or his agents' possession or control within 14 days of receiving a written request from the Bureau.

## V.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that:

22.     Settling Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, may not disclose, use, or benefit from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, routing number or other financial account), that Settling Defendants obtained in connection with the marketing, advertising,

offering, originating, servicing, collection, or sale of consumer loans or other extensions of credit to consumers before the Effective Date. *Provided however*, customer information may be disclosed if requested by a government agency or required by law, regulation, court rules or order.

## MONETARY PROVISIONS
## VI.

## ORDER TO PAY REDRESS

**IT IS FURTHER ORDERED** that:

23.     A judgment for monetary relief is entered in favor of the Bureau and against Settling Defendants, jointly and severally, in the amount of $69,623,528, and for the purpose of providing redress to Affected Consumers; however, full payment of this judgment will be suspended upon satisfaction of the obligations in Paragraphs 24-26, 34-35 and subject to Section VII of this Order.

24.     Settling Defendants hereby forfeit all legal and equitable right, title, interest and claims to assets frozen pursuant to Section VIII of the Temporary Restraining Order (ECF No. 8), dated September 9, 2014, and Section VIII of the Preliminary Injunction (ECF No. 40), dated October 3, 2014, entered in this action, which are listed in Attachment A. *Provided however*, that: (a) personal, non-financial items in the safe deposit box in the name of Richard F. Moseley Family Trust at US Bank, Box No. 1559, shall be released to Individual Defendant Moseley, Sr.; (b) personal, non-financial items in the safe deposit box in the name of Individual Defendant Moseley, Jr. at Missouri Bank, account ending xxx8053, shall be released to Individual Defendant Moseley, Jr.; and (c) the Learning Quest 529 Education Savings Program Accounts in the name of Richard F. Moseley, Jr. and Kama R.

Moseley, Account Nos. 693588443-01 and 693588443-02, shall be released to Individual Defendant Moseley, Jr.

25. Settling Defendants agree that, upon entry of the Final Order of Forfeiture in the Moseley, Sr. Criminal Case, Settling Defendants will not object to the Bureau's coordination with the U.S. Attorney's Office in the Southern District of New York to transfer the assets described in Paragraph 24 and Attachment A into a fund or funds administered by the Bureau, or the Bureau's agent according to applicable statutes and regulations, to be used for redress for Affected Consumers, including, but not limited to, refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

26. Settling Defendants hereby grant to the Bureau all right, title, interest and claims they have to the frozen assets currently in the possession, custody, or control of the Receiver, and shall forfeit any rights to the funds in the Receivership Estate.

27. If the Bureau determines, in its sole discretion, that providing redress to consumers is wholly or partially impracticable or if funds remain after the administration of redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Settling Defendants will have no right to challenge the Bureau's choice of remedies under this Section, and will have no right to contest the manner of distribution chosen by the Bureau.

28. Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

29. With regard to any amounts that Settling Defendants pay under this Section [Order to Pay Redress], if any Settling Defendant receives, directly or indirectly, any

reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, or if any Settling Defendant secures a tax deduction, tax refund, or tax credit with regard to any federal, state, or local tax, the Settling Defendant must: (a) immediately notify the Enforcement Director in writing, and (b) within ten (10) days of receiving the funds or monetary benefit, Settling Defendant must transfer to the Bureau the full amount of such funds or monetary benefit ("Additional Payment") to the Bureau or the Bureau's agent according to the Bureau's wiring instructions. After the Bureau receives the Additional Payment, the amount of the suspended judgment referenced in Paragraph 23 will be reduced by the amount of the Additional Payment and the Additional Payment will be applied toward satisfaction of the monetary judgment entered in Paragraph 23.

## VII.

## EFFECT OF MISREPRESENTATION OR OMISSION REGARDING FINANCIAL CONDITION

**IT IS FURTHER ORDERED** that:

30.     The suspension of the monetary judgment entered in Section VI of this Order is expressly premised on the truthfulness, accuracy, and completeness of Settling Defendants' financial statements and supporting documents submitted to the Bureau, which Settling Defendants assert are truthful, accurate, and complete.

31.     If upon motion by the Bureau, the Court determines that Settling Defendants have failed to disclose any material asset or that any of their financial statements or oral testimony contain any material misrepresentation or omission, including materially misstating the value

of any asset, the Court shall terminate the suspension of the monetary judgment entered in

Section VI and, without further adjudication, shall reinstate the judgment entered in Section

VI of this Order and the full judgment of $69,623,528 shall be immediately due and payable,

less any amounts paid to the Bureau under Section VI of this Order.

32.     If the Court terminates the suspension of the monetary judgment under this

Section, the Bureau will be entitled to interest on the judgment, computed from the date of

entry of this Order, at the rate prescribed by 28 U.S.C. § 1961, as amended, on any

outstanding amounts not paid.

33.     Provided, however, that in all other respects this Order shall remain in full force

and effect unless otherwise ordered by the Court; and, provided further, that proceedings

instituted under this provision would be in addition to, and not in lieu of any other civil or

criminal remedies as may be provided by law, including any other proceedings that the

Bureau may initiate to enforce this Order.

## VIII.

## ORDER TO PAY CIVIL MONEY PENALTY

**IT IS FURTHER ORDERED** that:

34.     Under Section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the

violations of law described in Counts I-IV of the Complaint taking place during the Relevant

Time Period, and taking into account the factors in 12 U.S.C. § 5565(c)(3), Settling

Defendants must pay a civil money penalty of one dollar ($1) to the Bureau. This penalty is

based in part on Settling Defendants' limited ability to pay as attested to in the financial

statements and supporting documents Settling Defendants submitted to the Bureau.

35.     Within ten (10) days of the Effective Date, Settling Defendants must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

36.     The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

## IX.

## ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

37.     In the event of any default on the Settling Defendants' obligation to make payment under this Order, interest, computed pursuant to 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

38.     Settling Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law and no part of the funds may be returned to Settling Defendants.

39.     The facts alleged in the Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Bureau in a proceeding to enforce its rights to any payment or monetary judgment under this Order, such as a non-dischargeability complaint in any bankruptcy case.

40.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Bureau pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. §

523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against each Settling Defendant, even in such Settling Defendant's capacity as debtor-in-possession.

41.     Under 31 U.S.C. § 7701, Settling Defendants, unless they have already done so, must furnish to the Bureau their taxpayer identifying numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

42.     Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Settling Defendants must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that any Settling Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Settling Defendants may not argue that they are entitled to, nor may Settling Defendants benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund ("Penalty Offset"). If the court in any Related Consumer Action grants such a Penalty Offset, Settling Defendants must, within 30 days after entry of a final order granting the Penalty Offset, pay the amount of the Penalty Offset to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

43.     Under Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 168lb(a)(1), any consumer reporting agency may furnish a consumer report concerning any

Settling Defendant to the Bureau, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## COMPLIANCE PROVISIONS
## X.

### REPORTING REQUIREMENTS

**IT IS FURTHER ORDERED** that:

44.     Settling Defendants must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against any Settling Defendant; or a change in any Settling Defendant's name or address. Settling Defendants must provide this notice at least 30 days before the development or as soon as practicable after the learning about the development, whichever is sooner.

45.     Within 30 days of the Effective Date, each Settling Defendant must:

   a.   Designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Settling Defendant;

   b.   Identify all businesses for which Settling Defendant is the majority owner, or that Settling Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

   c.   Describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales;

d. Identify Settling Defendant's telephone numbers and all email, Internet, physical, and postal addresses, including all residences; and

e. Describe in detail Settling Defendant's involvement in any business for which he performs services in any capacity or which he wholly or partially owns, including Settling Defendant's title, role, responsibilities, participation, authority, control, and ownership, and identify its name, physical address, and Internet address, if any.

46. Settling Defendants must report any change in the information required to be submitted under Paragraph 45 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

## XI.

## ORDER DISTRIBUTION AND ACKNOWLEDGMENT

**IT IS FURTHER ORDERED** that:

47. Within 30 days of the Effective Date, Settling Defendants must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

48. Within 45 days of the Effective Date, Settling Defendants, for any business for which they are majority owner or which they directly or indirectly control and which provides consumer financial products or services, must deliver a copy of this Order to each of its board members and executive officers; Settling Defendants must also deliver a copy of this Order to any managers, employees, service providers, or other agents and representatives who have responsibilities related to the subject matter of the Order.

49. For 5 years from the Effective Date, Settling Defendants, for any business for which they are the majority owner or which they directly or indirectly control and which

provides consumer financial products or services, must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section X [Reporting Requirements], any future board members and executive officers, as well as to any managers, employees, service providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order before they assume their responsibilities.

50.     Settling Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

## XII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that:

51.     To monitor Settling Defendants' compliance with this Order, including the attested to financial representations upon which part of the judgment was suspended, within thirty (30) days of receipt of a written request from the Bureau, Settling Defendants must: submit compliance reports, as defined by the Bureau, or other requested information, which must be sworn under penalty of perjury; provide sworn testimony; or produce documents.

52.     For matters concerning this Order, the Bureau is authorized by this Order to communicate directly with Settling Defendants, unless Settling Defendants retain counsel related to these communications.

53.     Settling Defendants must permit Bureau representatives to interview any employee or other person affiliated with Settling Defendants who has agreed to such an interview. The person interviewed may have counsel present.

54.     Nothing in this Order limits the Bureau's lawful use of compulsory process, including pursuant to 12 C.F.R. § 1080.6.

## XIII.

## NOTICES

**IT IS FURTHER ORDERED** that:

55.     Unless otherwise directed in writing by the Bureau, Settling Defendants must provide all submissions, requests, communications, or other documents relating to this Order to the Bureau in writing, with the following subject line, *CFPB v. Moseley, et al.,* Case No. 4:14-cv-00789-SRB, and send them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

    a.  By overnight courier or first-class mail, as follows:

        Assistant Director for Enforcement
        Bureau of Consumer Financial Protection
        ATTENTION: Office of Enforcement
        1700 G Street NW
        Washington DC 20552

## XIV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that:

56.     The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

## XV.

## SERVICE

**IT IS FURTHER ORDERED** that:

57.     This Order may be served upon Settling Defendants by electronic mail, certified

mail, or United Parcel Service, either by the United States Marshal, the Clerk of the Court, or

any representative or agent of the Bureau.

## XVI.

## FINAL JUDGMENT AND ORDER

**IT IS FURTHER ORDERED** that:

58.     The Bureau and Settling Defendants have consented to the terms and conditions

of this Order as set forth above and have consented to the entry thereof.

## XVII.

**IT IS FURTHER ORDERED** that:

59.     Pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay, and the Clerk

of the Court will immediately enter this Order as a final order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

Dated: August 10, 2018

# ATTACHMENT A

**List of Assets Referenced in Paragraph 24 of the Order**

Any and all assets in the following accounts:

a. Account Number 1001048071 in the name of Hydra Financial Receivership (business checking) at Pacific Western Bank;

b. Account Number 1001048089 in the name of Hydra Financial Receivership (money market) at Pacific Western Bank;

c. Account Number 172995 in the name of BCD Group, LLC at Missouri Bank;

d. Account Number 173002 in the name of BCD Group, LLC at Missouri Bank;

e. Account Number 173010 in the name of BCD Group, LLC at Missouri Bank;

f. Account Number 145570211030 in the name of CLS Services, Inc. at US Bank;

g. Account Number 3106853 in the name of CMG Group, LLC at Missouri Bank;

h. Account Number 3106861 in the name of CMG Group, LLC at  Missouri Bank;

i. Account Number 3106888 in the name of CMG Group, LLC at Missouri Bank;

j. Account Number 180025 in the name of Corvus Company, LLC at Missouri Bank;

k. Account Number 3107817 in the name of DJR Group, LLC at Missouri Bank;

l. Account Number 3107825 in the name of DJR Group, LLC at Missouri Bank;

m. Account Number 3107833 in the name of DJR Group, LLC at Missouri Bank;

n. Account Number 145570950603 in the name of FSR Services, Inc. at US Bank;

o. Account in the name of Hydra Financial Limited at Global Transatlantic Solutions;

p. Account Number 226060 in the name of PCKS Services, LLC at Payment Data Systems;

q. Account Number 226061 in the name of PCKS Services, LLC at Payment Data Systems;

r. Account Number 145572825522 in the name of PCKS Services, LLC at US Bank;

s. Account Number 226062 in the name of PCMO Services, LLC at Payment Data Systems;

t. Account Number 226063 in the name of PCMO Services, LLC at Payment Data Systems;

u. Account Number 145572825530 in the name of PCMO Services, LLC at US Bank;

v. Account Number 171662 in the name of PDC Ventures, LLC at Missouri Bank;

w.   Account Number 145572825548 in the name of Piggycash Online Holdings, LLC at US Bank;

x.   Account Number 172928 in the name of River Elk Services, LLC at Missouri Bank;

y.   Account Number 1000102780 in the name of RM Partners, LLC at Lead Bank;

z.   Account Number 186120 in the name of RM Partners, LLC at Missouri Bank;

aa.   Account Number 145572825159 in the name of RM Partners, LLC at US Bank;

bb.   Account Number 145572825555 in the name of Rocky Oak Services, LLC at US Bank;

cc.   Account Number 173029 in the name of SJ Partners, LLC at Missouri Bank;

dd.   Account Number 245581381473 in the name of SJ Partners, LLC at US Bank;

ee.   Account Number 145572825324 in the name of SJ Partners, LLC at US Bank;

ff.   Account Number 145591468080 in the name of SJ Partners, LLC at US Bank;

gg.   Account Number 3106896 in the name of SSM Group, LLC at Missouri Bank;

hh.   Account Number 3106918 in the name of SSM Group, LLC at Missouri Bank;

ii.   Account Number 3106926 in the name of SSM Group, LLC at Missouri Bank;

jj.   Account Number 400467 in the name of Richard F. Moseley and Marsha F. Moseley JT TEN WROS at Aberdeen Funds;

kk.   Account Number 031-XXXXXXX3006 in the name of SSB&T Custodian for the IRA of Richard F. Moseley, Sr. at American Century Investments;

ll.   Account Number 0600007544 in the name of Richard F. Moseley, Sr. at Midwest Bank;

mm.   Account Number 0607008686 in the name of Richard F. Moseley, Sr. at Bank Midwest;

nn.   Account Number 8334-4277 in the name of Richard F. Moseley, Sr. Family Trust at Charles Schwab;

oo.   Account Number XXXX-0054 in the name of Richard F. Moseley, Sr. at Charles Schwab;

pp.   Account Number XXXX-2180 in the name of Richard F. Moseley, Sr. and Richard F. Moseley, Jr. at Charles Schwab;

qq. Account Number XXXX-6611 in the name of Kamar R. Moseley Revocable Trust at Charles Schwab;

rr. Account Number 000034762 in the name of Richard F. Moseley, Sr. Family Trust at Commerce Bank;

ss. Account Number XXXX-5036 in the name of Moseley GST Trust for Richard F. Moseley, Sr. u/t/a dtd. 12/12/95 at Commerce Bank;

tt. Account Number 0043057751 in the name of Richard F. Moseley, Sr. and Richard F. Moseley, Jr. at BMO Harris Bank;

uu. Account Number 0048821047 in the name of Richard F. Moseley, Sr. Family Trust at BMO Harris Bank;

vv. Account Number 5MW-384737 in the name of Moseley GST Trust at BMO Harris Financial Advisors;

ww. Account Number 725-21178-4 in the name of Richard F. Moseley, Sr. and Richard F. Moseley, Jr. at HSBC Bank;

xx. Account Number 202305275 in the name of Richard F. Moseley, Sr. at State Street Bank Custodial IRA, Janus Global Research Fund;

yy. Account Number 3215393 in the name of Richard F. Moseley, Jr. Household Account at Missouri Bank;

zz. Account Number 3223493 in the name of Richard F. Moseley, Jr. at Missouri Bank;

aaa. Account Number 7101244 in the name of Richard F. Moseley, Jr. at Missouri Bank;

bbb. Account Number 741949 in the name of Richard F. Moseley, Sr. Family Trust at Missouri Bank;

ccc. Account Number 3008053 in the name of Richard F. Moseley at Missouri Bank;

ddd. Account Number 001-901691548 in the name of First Florida Bank NA CF Richard F. Moseley, Sr. IRA u/d/t 9/2/75 at Pioneer Investments;

eee. Account Number 433635 in the name of Richard F. Moseley JT WROS Marsha F. Moseley at RS Investments;

fff. Account Number 1901339761 in the name of Richard F. Moseley at Tanaka Capital Management;

ggg. Account Number 0005409367 in the name of Richard F. Moseley JT WROS Marsha F.

Moseley at Touchstone Investments;

hhh.    Account Number 5050040715 in the name of Richard Moseley, Sr. at US Bank;

iii.    Account Number 233684000 in the name of Richard F. Moseley JT WROS Marsha F. Moseley at US Bancorp Fund Services/U.S. Global Investors;

jjj.    Account Number 314382 in the name of Marsha F. Moseley at Missouri Bank;

kkk.    Account Number XXXX-4931 in the name of Richard F. Moseley, Jr. at Charles Schwab;

lll.    Account Number XXXX-6116 in the name of Richard F. Moseley, Jr. at Charles Schwab;

mmm.    Account Number XXXXXXXX-8297 in the name of David J. Moseley and Richard F. Moseley, Jr. at Bank of America;

nnn.    Account Number 8106746 in the name of Gustavus F. Moseley at Missouri Bank;

ooo.    Account Number 8106754 in the name of Gustavus F. Moseley at Missouri Bank;

ppp.    Account Number 0101441148 in the name of Richard F. Moseley, Sr. Family Trust at Country Club Bank;

qqq.    Account Number 0024562786 in the name of Richard F. Moseley, Sr. at Arvest Bank; and

rrr.    Real property located at 233 Norte, Building 2 Norte, #233 N, Playa Del Carmen, Quintana Roo 77710, Mexico.