**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:14-cv-00789-SRB |
| RICHARD F. MOSELEY, SR., et al., | ) | |
| Defendant. | ) | |

**<u>RECEIVER'S MOTION FOR SUMMARY JUDGMENT</u>**

Thomas W. McNamara, in his capacity as Court-appointed Receiver (the "Receiver"), respectfully moves for summary judgment against garnishor Kendal Blevins ("Blevins") disposing of her claims asserted in her Garnishor's Exceptions and Claims (Doc. 259) against the Receiver involving Receivership Defendant SJ Partners, LLC ("SJ"). The Receiver is entitled to summary judgment for the following reasons, as more fully explained in his concurrently-filed Suggestions in Support of his Motion for Summary Judgment:

1. Missouri's Uniform Fraudulent Transfer Act ("MUFTA"), R.S. Mo. § 428.005, *et seq.* provides strict time periods in which claimants may seek to avoid and recover allegedly fraudulent transfers. R.S. Mo. § 429.049. Blevins has simply waited too long to bring her claims under MUFTA. Rather than diligently pursuing any purported claims against the judgment debtor, Worldwide Wireless, LLC ("WWW"), or its transferee, SJ, Blevins sat on any rights to bring such claims under MUFTA and they have been extinguished.

2. Even if her claims to the allegedly fraudulent transfers have not been extinguished, as the Court should find, Blevins still cannot establish constructive fraud with respect to any of the transfers. For a transfer to be constructively fraudulent, MUFTA requires that a transferee receive

a transfer without giving "reasonably equivalent value in exchange." R.S. Mo. §§ 428.024.1(2) *and* 428.029.1. The undisputed fact in this case is that SJ invested far more funds ***into*** WWW than WWW distributed back to SJ, thereby eliminating any constructive fraud claims.

3. A claimant seeking avoidance and recovery of allegedly fraudulent transfers under R.S. Mo. § 428.029 must be a "present creditor" whose "claim arose before the transfer was made." Blevins has admitted in her Exceptions and Claims that her underlying employment claim did not arise until "January 2014," at the earliest. Thus, she cannot avoid and recover any transfers under R.S. Mo. § 428.029 that were made prior to January 2014.

WHEREFORE, for the reasons stated above, and as more fully explained in his Suggestions in Support of his Motion for Summary Judgment, the Receiver respectfully requests that the Court grants its Motion for Summary Judgment and dismiss Blevins' fraudulent transfer claims against SJ Partners, LLC in their entirety.

Dated: January 31, 2020

Respectfully submitted,

GEIGER PRELL
BUSINESS DISPUTES

By /s/ Benjamin Prell

Matthew T. Geiger MO # 50071
Benjamin R. Prell MO # 55654
10000 College Blvd., Suite 100
Overland Park, Kansas 66210
913-661-2430 (telephone)
913-362-6729 (facsimile)
mgeiger@geigerprell.com
bprell@geigerprell.com

ATTORNEYS FOR THE RECEIVER

## CERTIFICATE OF SERVICE

I certify that I electronically filed Receiver's Motion for Summary Judgment with the Clerk of the Court on January 31, 2020 using the CM/ECF system, which will serve a copy by electronic means on all counsel of record.

*/s/ Benjamin Prell*
Attorney for the Receiver